### SIMMONS *v.* SWAN..

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIRCUIT.

No. 65.   Argued October 24, 1927—Decided November 21, 1927. '

1. In an action on a contract, objection that a waiver or excuse of legal tender should have been pleaded, is not open on review if not raised below.  P. 115.
2. A contract for the sale of property called for a down payment by check, which was made, other payments by notes with some mortgage security and a payment of $2,500 to be made on or before a date specified, which was the last day for performance of the contract, time being declared of the essence. The parties met on that day, at the place specified in the contract, the other papers were signed and ready, and the vendee then tendered the $2,500 in the form of a certificate of deposit on a near-by bank of unquestioned solvency, but the vendor, though some days before he had requested a check in lieu of one of the notes, refused the certificate because he " had not got to take it " and, saying " good night," left the meeting. Owing to the tardiness of defendant in arriving, banks were closed and the vendee could not get legal tender till the next day. The value of the property had risen greatly since the execution of the contract and there was reason to believe that the vendor wished to escape from his bargain. In an action by the vendee for breach of the contract, *held:*

(1) In such circumstances and in view of the way of modern business, the jury might find it was natural and reasonable for the vendee to suppose that the certificate of deposit would be enough. P. 116.

(2) If the vendor, without previous notice, demanded strict legal tender, the vendee was entitled, at least, to a reasonable opportunity—i. e., until the next day—to tender it.  *Id.*

(3) The jury might also find in the vendor's behavior, refusal to go farther, which would make another tender unnecessary. *Id.* 11 F. (2d) 267, reversed.

CERTIORARI, 273 U. S. 675, to a judgment of the Circuit Court of Appeals which affirmed a judgment on a verdict against the plaintiff, directed by the District Court in an action by Simmons to recover damages from Swan for breach of a contract.

*Messrs. William J. Malone* and *Percy S. Bryant,* with whom *Mr. Morris S. Falk* was on the brief, for petitioner.

*Mr. Charles Fairhurst,* with whom *Mr. William A. Davenport* was on the brief, for respondent.

Mr. JUSTICE HOLMES delivered the opinion of the Court.

This is an action brought by the petitioner for breach of a contract. At the trial the judge directed a verdict for the defendant and the judgment was affirmed by the Circuit Court of Appeals. 11 F. (2d) 267. A writ of certiorari was granted by this Court. 273 U. S. 675.

By the contract the defendant agreed to sell to the petitioner, the plaintiff, a pickle factory, its specified equipment, and the good will of the business. For this the plaintiff agreed to pay fifteen thousand dollars, as follows: five hundred dollars on the signing of the agreement, ' check for which is hereby acknowledged'; twenty-five hundred dollars to be paid on or before October 1, 1923; twelve thousand dollars by the plaintiff's note to the defendant's order, carrying interest at six per cent. and payable on demand, to be secured by mortgage on the property conveyed. The defendant was also to convey the pickles then in tanks on the premises for which the plaintiff was to pay the sum of four dollars per thousand

by a note signed by himself, F. C. Gould and Thomas J.
Molumphy as joint makers.   The time for performance
was on or before October 1, 1923, and the place the office
of Davenport and Fairhurst, Greenfield, Massachusetts.
Time was declared to be of the essence of the contract
and in case of the plaintiff's failure to perform any of his
agreements, the five hundred dollars paid at the time of
signing was to be retained as liquidated damages.   The
declaration alleged that the plaintiff was ready, willing,
and able to perform his part.   If in view of the facts any
matter of waiver or excuse should have been pleaded, no
question of pleading was raised and none is open here.

A short statement of the dominant facts as they might
have been found seems to us sufficient to show that the
plaintiff had a right to go to the jury.   The plaintiff and
his party went to the appointed place on the appointed
day, but the defendant was not there and his whereabouts
was not to be ascertained, until about two o'clock when
he telephoned that he was on his way to Greenfield and
probably should be there by three.   He arrived some-
where about five or later.   After some discussions neces-
sary to finish the business, at from six to seven the papers
were signed and ready.   The plaintiff then offered to the
defendant for the twenty-five hundred dollars that he was
to pay, a certificate of deposit from the Produce National
Bank of South Deerfield—a bank near by and of unques-
tioned solvency.   The defendant thereupon asked his
lawyer if he had got to take it; the lawyer intimated that
he was not bound to, and the defendant said 'Well, if I
haven't got to take it I am not going to take it; and I
will simply say good night, gentlemen'; took his hat and
coat and walked out.   Of course at that hour the banks
were closed and the plaintiff could not get legal tender
before the next day.   In consequence of a frost the price

of pickles had risen greatly, and the judge at the trial said that it was perfectly obvious that the defendant was trying to get out from under his contract. It will be noted that the contract contemplated that the first payment should be by check, and on September 22 the defendant had sent to the plaintiff a letter addressed to the Silver Lane Pickle Company, assumed to be interested, asking for a ' check in full for the pickle stock ' for which by the agreement he was to receive a note; the amount as it turned out, being nearly fifteen thousand dollars. In such circumstances and in view of the way in which business is done at the present day, it might be found to have been natural and reasonable to suppose that a certificate of deposit from a well known solvent bank in the neighborhood would be enough. It seems likely that it would have been except for the defendant's desire to escape from his contract. If without previous notice he insisted upon currency that was strictly legal tender instead of what usually passes as money, we think that at least the plaintiff was entitled to a reasonable opportunity to get legal tender notes, and as it was too late to get them that day might have tendered them on the next. But the jury might find also that the defendant's behavior signified a refusal to go farther with the matter and therefore that the plaintiff was not called upon to do anything more. If these were found to be facts, as they might be, the defendant broke his contract and the plaintiff has a right to recover. We have not mentioned some qualifying details insisted upon by the defendant because we have to consider only what the jury might find. The qualifications do not impress us but there are some important contradictions. The defendant will have an opportunity to present them if the case is tried again. See *Servel* v. *Jamieson*, 255 Fed. 892.

*Judgment reversed.*