LILLIAN ARCHAMBAULT *vs.* IOMENE E. WALTON.

Suffolk.     May 15, 1934. — June 27, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Landlord and Tenant,* Construction of lease, Termination of relation.

In a lease of real estate for one year beginning November 1, a clause, "this lease shall continue in full force and effect thereafter from year to year, until one of the parties on or before the first day of October in any year, give to the other party written notice of their intention to terminate this lease, on the first day of the following month, in which case the lease hereby created shall terminate in accordance with such notice," meant that the lease could be terminated by either party's giving to the other party notice, on or before October 1 in any year, of his intention to terminate the lease on the November 1 following the date of the notice; and therefore a notice, in proper form, given on an April 8 after the expiration of the original year, of intention to terminate the lease on the next May 1, was not effective to terminate it.

CONTRACT. Writ in the Municipal Court of the City of Boston dated September 22, 1932.

The action was heard in the Municipal Court by *Cohen, J.,* upon an agreed statement of facts. Material facts are stated in the opinion. The judge found for the plaintiff in the sum of $375 and reported the action to the Appellate Division. The report was dismissed. The defendant appealed.

The case was submitted on briefs.

*S. R. Cutler,* for the defendant.

*J. M. Graham,* for the plaintiff.

PIERCE, J. This action of contract to recover rent alleged to be due on a lease was heard in the Municipal Court of the City of Boston on an agreed statement of facts. There was a finding for the plaintiff and a report to the Appellate Division. The case is before this court on appeal of the defendant from an order of the Appellate Division dismissing the report.

The lease is dated October 14, 1930. The *habendum* clause reads: "To Have and to Hold the above described premises for the term of one year beginning with the first

day of November A. D. 1930, and this lease shall continue in
full force and effect thereafter from year to year, until one
of the parties on or before the first day of October in any
year, give to the other party written notice of their intention
to terminate this lease, on the first day of the following
month, in which case the lease hereby created shall termi-
nate in accordance with such notice."

"The defendant occupied the said premises until May 1,
1932, and paid rent therefor in advance from November 1,
1930, up to and including April 1, 1932, according to the
term of the lease, which paid the rent up to and including
April 30, 1932." On April 8, 1932, the defendant gave notice
of her intention to give up the apartment on May 1, 1932.
No question is raised as to the form of the notice, the plain-
tiff conceding that she is not entitled to recover if the notice
complied in substance with the requirements of the lease.

The defendant concedes that after the first day of Novem-
ber, 1930, this lease would continue from year to year, was
an obligation *in praesenti*, and, if nothing was done by either
party, would continue from one year to another after the
expiration of the first year; but contends that this general
proposition is modified by the subsequent limitation that it
might be terminated by either party upon giving written
notice to the other party of an intention to terminate the
lease, and that the tenancy could be terminated by either
party on the first day of any month. It is the contention of
the plaintiff that the lease once being effective on November
1 in any year continues in force until the following Novem-
ber "until one of the parties on or before the first day of
October in any year, give to the other party written notice
of their intention to terminate this lease," and that any
other construction placed upon the provision of the lease
would vitiate the clause "shall continue in full force and
effect thereafter from year to year."

If the contention of the defendant were correct, that the
tenancy could be determined by either party on the first
day of any month, it would follow that the expression "from
year to year" was not a yearly letting beyond the first year,
but was a letting to last at the will of either party and which

might be terminated on a single day's notice. We think the true construction of the clause in question is that the lease could be terminated by either party giving to the other party notice, on or before October 1 in any year, of her intention to terminate the lease on November 1 following the date of the notice. The notice contained in the letter of April 8, 1932, was not the notice contracted for, and this being so the lease was not terminated. *Noble* v. *Brooks*, 224 Mass. 288, 291.

*Order "Report dismissed" affirmed.*