NINA M. GEVALT *vs.* FRED F. DIWOKY.

Suffolk.　April 2, 1946. — June 6, 1946.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Equity Jurisdiction*, Specific performance.　*Contract*, For sale of real estate.

A contract for the purchase of a house and lot of land subject to an existing coöperative bank mortgage should not be specifically enforced by a suit in equity brought by the purchaser eight months after the date stated in the contract for transfer of title, where neither party before suit had offered performance to the other so as to put the other in default and the seller during the eight months had made payments upon the coöperative shares which had reduced the mortgage risk.

BILL IN EQUITY, filed in the Superior Court on September 19, 1945.

The case was heard by *Hanify,* J.　The plaintiff appealed from a final decree dismissing the bill.

*L. J. Dunn,* for the plaintiff.

*R. Hall,* for the defendant.

LUMMUS, J.　In July, 1944, the defendant, an army officer who expected to be stationed in Boston for about six months, bought and caused to be conveyed to him a house and lot of land in Boston which the plaintiff had for sale as a real estate broker.　An inducement for his purchase apparently was a written contract, dated July 15, 1944, by which the defendant agreed to sell and the plaintiff agreed to buy the same premises, subject to an existing coöperative bank mortgage, "on or before" January 15, 1945, for $1,500, upon which the plaintiff made a deposit of $500.

The defendant was not transferred elsewhere as soon as he expected, and neither party had any communication with the other until sometime in August, 1945, when the defendant asked the plaintiff to sell the same premises for him as a broker.　She replied that she would take over the premises under the contract, saying that she had lent him

$500, the amount of the deposit. The defendant insisted upon reimbursement for the payments made by him that reduced the mortgage if at a time more than six months after the date set for performance he were to let the plaintiff have the property at the contract price. No agreement was made, and nothing more was done, until on September 17, 1945, the defendant decided to sell the premises to a third person. On September 19, 1945, the plaintiff brought this bill for specific performance.

The judge dismissed the bill, finding that there had been no agreement to extend the time for performance of the contract, and "no time when the plaintiff had prepared herself to perform presently her part of the contract."

Neither party before suit ever offered performance to the other so as to put the other in default. *King* v. *Milliken,* 248 Mass. 460. *Schon* v. *Odd Fellows Building Association,* 255 Mass. 465, 469. *Dutton* v. *Bennett,* 262 Mass. 39. *Cobb* v. *Library Bureau,* 268 Mass. 311, 316, 317. *Beck* v. *Doore, ante,* 707. It is true that in equity time is not of the essence of a contract to convey land, unless made so by the contract or by circumstances that would make a belated enforcement inequitable. *Mansfield* v. *Wiles,* 221 Mass. 75, 81–84. *King* v. *Connors,* 222 Mass. 261. *Preferred Underwriters, Inc.* v. *New York, New Haven & Hartford Railroad,* 243 Mass. 457, 463, 464. *Cobb* v. *Library Bureau,* 264 Mass. 431, 436. *Hunt* v. *Bassett,* 269 Mass. 298, 302. But specific performance is not a matter of strict right, and may be refused where it would result in inequity. *Thaxter* v. *Sprague,* 159 Mass. 397. *Linden Park Garage, Inc.* v. *Capitol Laundry Co.* 284 Mass. 454, 459. *McCormick* v. *Proprietors of the Cemetery of Mount Auburn,* 285 Mass. 548, 551. *Economy Grocery Stores Corp.* v. *McMenamy,* 290 Mass. 549, 552. In the present case the belated specific enforcement of the contract after the defendant for many months had been increasing the value of the premises by reducing the mortgage thereon would, in our opinion, be inequitable.

*Decree affirmed with costs.*