· Louis W. Bickford *vs.* Kathryn R. Dillon & others.

Hampden.     February 5, 1947. — February 27, 1947.

Present: Field, C.J., Qua, Ronan, Wilkins, & Spalding, JJ.

*Landlord and Tenant,* Renewal of lease, Option.  *Contract,* Option. *Time.  Equity Pleading and Practice,* Appeal.

Time is of the essence of an option, whether the question arises at law or in equity.

A lessee was not entitled to specific performance of a covenant to renew the lease where he never gave a notice of his intention to renew as required by the lease, there was no waiver by the lessor of the requirement of notice, and, although the lessee continued to occupy the leased premises and to pay rent in the amount stipulated in the lease for a substantial period after its termination, the occupancy was not "under the terms of any lease."

A defendant in a suit in equity who did not appeal from a final decree dismissing his counterclaim was not entitled on the plaintiff's appeal to ask that this court order the decree modified so as to include the relief prayed for in the counterclaim.

Bill in equity, filed in the Superior Court with a writ of summons and attachment dated December 12, 1945.

The suit was heard by *Leary,* J.

*H. J. Lacey,* for the plaintiff.

*C. E. Drapeau,* for the defendants Godere.

Spalding, J.   This is an appeal by the plaintiff from a decree dismissing a bill in which he sought specific performance of a covenant to renew a lease.

The plaintiff and his partner Rubin[1] on September 2, 1939, executed a lease by which they became the lessees of a building in Holyoke owned by James B. Dillon.  The lease,[2] which ran for a term of five years commencing on

---

[1] Early in 1940 the partnership was dissolved and the plaintiff acquired all of Rubin's rights with respect to the lease.

[2] The lease was recorded in the registry of deeds.

October 15, 1939, contained a clause that "the lessees . . . shall have the option of a renewal of this lease for the further term of five (5) years, upon the expiration hereof, upon the same terms and conditions, provided the lessees, at least three months before the date of the expiration hereof, shall give the lessor written notice of their intention to renew." Dillon, the lessor, died in May, 1943, and his widow, the defendant Kathryn R. Dillon, became executrix of his will by which she succeeded to all of his property. No renewal notice as provided in the lease was ever given to either Dillon or the defendant Kathryn R. Dillon; nor was a new lease or something equivalent thereto ever executed. On December 8, 1945 (nearly fourteen months after the expiration of the original term of the lease), the premises were conveyed, subject to the plaintiff's rights, if any, under the lease, to the defendants Charles E. and Helen B. Godere, who immediately instituted proceedings to dispossess the plaintiff.

The bill was rightly dismissed.

If the plaintiff was entitled to a renewal, that right was not lost by the conveyance to the Goderes, who took title subject to the rights of the plaintiff under the lease. *Leominster Gas Light Co.* v. *Hillery,* 197 Mass. 267, 269. *Judkins* v. *Charette,* 255 Mass. 76, 81. But the right to a renewal was not established. The plaintiff concedes that no notice to renew in accordance with the terms of the lease was ever sent, but contends that this requirement was waived. A lessor, of course, may waive such a provision. *Stone* v. *St. Louis Stamping Co.* 155 Mass. 267, 270. *Wood* v. *Edison Electric Illuminating Co.* 184 Mass. 523, 527. The judge, however, found that there was no waiver, and from an examination of the evidence, which is reported, we cannot say that this finding was plainly wrong. *Blair's Foodland Inc.* v. *Shuman's Foodland, Inc.* 311 Mass. 172, 174. The plaintiff, relying on the principle that in equity time ordinarily is not of the essence (*Preferred Underwriters, Inc.* v. *New York, New Haven & Hartford Railroad,* 243 Mass. 457, 463–464), urges that there was substantial compliance with the terms of the renewal clause by conduct on his part after the

time for the exercise of the option had passed. But the short answer to this is that, whether the question arises at law or in equity, time is of the essence of an option. *Morgan v. Forbes,* 236 Mass. 480, 483. *Donovan Motor Car Co.* v. *Niles,* 246 Mass. 106, 107. *Hunt* v. *Bassett,* 269 Mass. 298, 302. *Nichols* v. *Sanborn,* 320 Mass. 436, 438. Although the plaintiff continued to occupy the premises for approximately fourteen months after the expiration of the lease and during that period paid rent at the rate prescribed in the lease, the conclusion of the judge that this occupancy "has not been under the terms of any lease" cannot be said to be erroneous. See *Leavitt* v. *Maykel,* 203 Mass. 506. Compare *Stone* v. *St. Louis Stamping Co.* 155 Mass. 267.

The defendants Charles E. and Helen B. Godere ask that the final decree be modified so as to include certain relief prayed for in their counterclaim, which was dismissed without prejudice. But they did not appeal, and it is not open to them to ask for a decree more favorable to themselves. *Coe* v. *Coe,* 313 Mass. 232, 234. *Greenaway's Case,* 319 Mass. 121, 122.

*Decree affirmed with costs.*