FREDERICK P. MARLOWE *vs.* CATHERINE O'BRIEN.

Suffolk. April 10, 1947. — June 4, 1947.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Equity Jurisdiction,* Specific performance. *Contract,* For sale of real estate, Performance and breach. *Tender. Equity Pleading and Practice,* Findings by judge, Decree.

In a suit in equity seeking specific performance of a contract for the sale of real estate, the entry of a decree ordering performance by the defendant imported a finding of every fact essential to sustain it and within the scope of the pleadings; and, where the only finding expressly made by the trial judge was that the parties entered into the

contract alleged in the bill, and, on evidence reported, such finding and other essential findings were warranted, the decree was affirmed.

A contract for sale of real estate containing no specification of time for its performance is to be performed within a reasonable time after it was made.

Tender by the purchaser of performance of a contract for. purchase of real estate containing no specification of the time for performance was not too late to form the basis of a suit in equity for specific performance where it was made approximately six weeks after the date of the contract.

Actual tender of the purchase price is not a prerequisite to maintenance of a suit in equity by the prospective purchaser for specific performance of a contract for sale of real estate where it appears that he seasonably offered and demanded performance and was ready, able and willing to perform.

BILL IN EQUITY, filed in the Superior Court on June 15, 1946, and afterwards amended, for specific performance of an alleged contract for the sale of real estate.

The suit was heard by *Leary*, J. It appeared that the alleged contract was evidenced by a receipt reading as follows: "November [sic] 27, 1946  Received from F. Marlowe $100.00 deposit on 247 Savin Hill Ave. sale price $9,500. balance to be paid at passing of papers.  Catherine O'Brien K H."  There was evidence that the receipt was personally delivered by the defendant to the plaintiff on April 27, 1946, at which time the plaintiff paid her $100.

*D. Lasker & R. V. Mann*, for the defendant, submitted a brief.

*F. D. Branca*, for the plaintiff.

SPALDING, J.  This is a bill seeking specific performance of a contract for the sale of a parcel of real estate.  The bill alleges that the plaintiff entered into an agreement with the defendant on April 27, 1946, by which, for the sum of $9,500, the plaintiff agreed to buy and the defendant agreed to sell a parcel of land with the buildings thereon at 247 Savin Hill Avenue in that part of Boston called Dorchester.  The only facts found by the judge were that the parties entered into the contract alleged in the bill.  It was agreed that the defendant was the owner of the property mentioned in the contract.  A decree was entered ordering the defendant to convey the property to the plaintiff.  The defendant appealed.

Since the judge made no report of the material facts, the entry of the decree imported a finding of every fact, essential to sustain it and within the scope of the pleadings. *Birnbaum* v. *Pamoukis*, 301 Mass. 559, 561. The evidence, which is mainly oral, has been reported. From an examination of it we are of opinion that it fully supports the decree. No time for performance was specified in the contract. Consequently it was to be performed within a reasonable time after its execution. *Atwood* v. *Cobb*, 16 Pick. 227, 231. *Nickerson* v. *Bridges*, 216 Mass. 416, 420. *Cousbelis* v. *Alexander*, 315 Mass. 729, 731. It was agreed that the plaintiff on June 10 (approximately six weeks after the contract was executed), being ready, able and willing to buy, offered and demanded performance of the contract. Where, as here, the proceedings are in equity and time was not made of the essence of the contract, the plaintiff's tender of performance was not too late. *Barnard* v. *Lee*, 97 Mass. 92. *Mansfield* v. *Wiles*, 221 Mass. 75, 81–82. *Preferred Underwriters, Inc.* v. *New York, New Haven & Hartford Railroad*, 243 Mass. 457, 463–464. *Gevalt* v. *Diwoky*, 319 Mass. 715, 716. Williston, Contracts (Rev. ed.) § 852. No circumstances are disclosed in the record which would make the decree for specific performance inequitable. See *Gevalt* v. *Diwoky*, 319 Mass. 715, 716.

Contrary to the contention of the defendant, it was not necessary that the plaintiff make an actual tender of the purchase price. His ability and readiness to perform coupled with his offer to do so were sufficient. *Irvin* v. *Gregory*, 13 Gray, 215. *Hunt* v. *Bassett*, 269 Mass. 298. *Rigs* v. *Sokol*, 318 Mass. 337, 344. The judge was not obliged to find that the defendant's agreement to convey was conditional on obtaining the consent of her son. Nor was a finding required that the contract was made on her behalf by one who lacked the authority to do so; it could have been found that the defendant herself assented to the agreement.

The decree, however, should be modified so that the defendant's obligation to convey is made conditional on the plaintiff's payment of the balance of the purchase price, and as so modified it is

*Affirmed with costs.*