CITIES SERVICE OIL COMPANY *vs.* NATIONAL SHAWMUT BANK OF BOSTON, administrator, & others.

Middlesex.     January 4, 1961. — February 14, 1961.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Landlord and Tenant,* Option. *Contract,* Option, For sale of real estate. *Notice.*

Under provisions of a lease that the lessee should have the option "during the term of this lease . . . to purchase" the leased premises and other property, that the option should be exercised by the lessee's "giving" to the lessor written notice of intention to purchase, that a notice to the lessor under the lease should be deemed "to be duly given if forwarded" to the lessor at a specified address in a Massachusetts town, and that a certain down payment on account of the purchase price should be made "on notice" of intention to exercise the option, the lessee failed to exercise the option and was not entitled to specific performance of the option agreement where the lessee, in the evening of the last day of the term of the lease, in New York city, mailed to the lessor a letter purporting to exercise the option and enclosing a certified draft for the down payment, and the letter was received by the lessor at the specified address on the next day.

PETITION IN EQUITY filed in the Probate Court for the county of Middlesex on November 16, 1959.

The case was heard by *Monahan, J.*

*William B. Sleigh, Jr.,* for the petitioner.

*Stanley S. Ganz,* (*William R. Frothingham* with him,) for the respondents.

WHITTEMORE, J.  In this petition in equity in the Probate Court for Middlesex County, Cities Service Oil Company (Cities Service) sought specific performance by National Shawmut Bank of Boston, administrator of the estate of Mary L. Rich, of an agreement by Rich in a lease to Cities Service, to convey to it the leased property and adjacent property upon its exercise of an option contained in the lease.  The probate judge, after hearing, dismissed the petition.

The report of material facts incorporates the lease which had a ten year term ending on August 31, 1959.  The lease, on a lessor's printed form, with rider, was executed by Cities Service in New York city, and according to an express provision thereupon became effective.  It provided that ''Tenant shall have the option during the term of this lease or any extension or renewal thereof to purchase . . . for the sum of . . . $17,000 . . . payable as follows . . . $200.00 on notice of intention to exercise this option . . . , [the option to] be exercised by the Tenant giving to the Landlord written notice of its intention to purchase . . . .''  A later provision of the lease read, ''All notices under this lease shall be deemed to be duly given if forwarded by either party to the other party at such party's address appearing at the beginning of this lease, or at such other place as such party shall hereafter designate by written notice.''  The judge found, inter alia: ''Cities Service Oil Company, Sixty Wall Street, New York 5, N. Y.'' at 8:30 P.M. on August 31, 1959, in New York city mailed to Rich a letter purporting to exercise the option and enclosing a draft for $200, dated August 21, 1959, certified by The New York Trust Company; the letter was received by Rich at her home in Arlington at her address given in the lease, on September 1, 1959; Rich through her attorney immediately returned the draft with a letter stating only that the option had not been exercised as required by the lease; the lease described the lessee as ''Cities Service Oil Company, a Pennsylvania Corporation, with offices at 660 Beacon Street, Boston, Massachusetts''; Rich did not receive the notice

during the term of the lease; the mailing in New York "at such late hour was not a proper giving of notice"; the draft was not legal tender and not the payment required.

There was no error. Nothing turns on whether Massachusetts or New York law applies. It is immaterial whether, in the absence of an agreement as to how the option should be exercised, notice could have been given by mailing.[1]

An option expires if not exercised within the time limited; "time is of the essence." *Bickford* v. *Dillon*, 321 Mass. 82, 84, and cases cited. *Doepfner* v. *Bowers*, 55 Misc. (N. Y.) 561, 565. *Fidelity & Columbia Trust Co.* v. *Levin*, 128 Misc. (N. Y.) 838, 843. See *Noble* v. *Higgins*, 214 App. Div. (N. Y.) 135, 137–138; *Application of Topp*, 81 N. Y. S. 2d 344, 346; Williston, Contracts (Rev. ed.) § 853; 164 A. L. R. 1014, 1015 et seq; 51 A. L. R. 2d 1427–1428; 72 A. L. R. 2d 1127 et seq.

The words in the grant of the option "during the term of this lease or any extension or renewal thereof" modify, we think, the words which follow them, that is "to purchase the real estate." It is an "option during the term . . . to purchase." The lease sets out the agreement that in the event of prescribed action *during the term of the lease* there

---

[1] It is at least the majority rule that notice to exercise an option is effective only upon its receipt by the party to be notified unless the parties otherwise agreed. *Scott-Burr Stores Corp.* v. *Wilcox*, 194 F. 2d 989, 990–991. *Wheeler* v. *McStay*, 160 Iowa, 745, 749–750. *Brown Method Co.* v. *Ginsberg*, 153 Md. 414, 417–418. *Starr* v. *Holck*, 318 Mich. 452, 457–458. *Hoban* v. *Hudson*, 129 Minn. 335, 338–339. *McGrory Stores Corp.* v. *Goldberg*, 95 N. J. Eq. 152. Corbin, Contracts, § 264. Williston, Contracts (Rev. ed.) § 853. L. R. A. 1915B 181 (footnote). Williston, § 853, n. 15, distinguishes the case of an "acceptance of an option-offer" as subject to the general rules as to communication of an acceptance, citing *Shubert Theatrical Co.* v. *Rath*, 271 Fed. 827 (2d Cir.). See also *Martindell* v. *Fiduciary Counsel, Inc.* 133 N. J. Eq. 408, 413; *Noble* v. *Higgins*, 214 App. Div. (N. Y.) 135, 137–138; *Fidelity & Columbia Trust Co.* v. *Levin*, 128 Misc. (N. Y.) 838, 841–844. Compare *Lewis* v. *Browning*, 130 Mass. 173, 175–176, where terms of offer were construed to require actual receipt of acceptance. Unavailability of the party to be notified may affect the rule. See *Boynton* v. *Woodbury*, 101 Mass. 346, 350–351 (notice left at defendant's home after unavailing attempts to find him held adequate). For the general rule that where notice to a person is required it must be given to him, and at the place specified, if any, see *Shea* v. *Massachusetts Benefit Assn.* 160 Mass. 289, 295–296; *McCord* v. *Masonic Gas Co.* 201 Mass. 473, 475, and cases cited; *Sweeney* v. *Morey & Co. Inc.* 279 Mass. 495, 499–500, 502, and cases cited.

would arise a bilateral contract of purchase and sale. The conditions for this contract arising are the giving of notice and the payment of $200 "on notice of intention to exercise this option." Although the provision as to the $200 payment is not in the statement: "This option shall be exercised by the Tenant giving . . . written notice of its intention to purchase," the requirement that the payment be made "on notice of intention" is express, and shows the intention to have a purchase and sale agreement effective upon the down payment being made, in this respect conforming to the usual practice in respect of agreements for the sale of real property.

We pass the argument of the respondents that, notwithstanding the words "duly given if forwarded," the notice clause should be construed only as specifying where notices are to be sent. See *Taxeira* v. *Arter,* 292 Mass. 537, 539; *Keogh* v. *Peck,* 316 Ill. 318, 322–323; *Castner* v. *Farmers' Mut. Fire Ins. Co.* 50 Mich. 273. We assume, with the petitioner, that the effect of the notice provision is to relieve the tenant of any obligation beyond that of seasonable forwarding, by a reasonable means, such as the mail (*Blanchard* v. *Ely,* 179 Mass. 586, 588, *Tobin* v. *Taintor,* 229 Mass. 174, 175–176; see *Durkin* v. *Siegel,* 340 Mass. 445), from a reasonable place, such as New York city, the place of the signing of the lease by the tenant, and from which delivery may be expected about as soon as from metropolitan Boston. There is nevertheless an implication that notice must be so given and payment so made that the purchase and sale contract will have been completed within the lease term. This could have been accomplished by forwarding the notice and the certified draft so as to be received before the expiration of the lease. The certified draft, received during the term, would have been payment if not immediately rejected on the express ground that it was not legal tender. *Snow* v. *Perry,* 9 Pick. 539, 542; *Gushee* v. *Eddy,* 11 Gray, 502, 504. *Ansin* v. *Mutual Life Ins. Co.* 241 Mass. 107, 111. *Mondello* v. *Hanover Trust Co.* 252 Mass. 563, 567. *Minsky* v. *Zieve,* 255 Mass. 542, 545. *Cobuzzi* v.

*Parks,* 315 Mass. 199, 200–202. *Simmons* v. *Swan,* 275 U. S. 113, 116. Restatement: Contracts, § 305. Williston, Contracts (Rev. ed.) § 1819. See, as to payment by mail, *Buell* v. *Chapin,* 99 Mass. 594, 596. We need not decide whether including legal tender with a notice reasonably forwarded within the lease term would also have served notwithstanding the absence of an express provision that payment could be made by forwarding. The tenant, in what it chose to do, failed to complete the purchase contract during the term and therefore did not exercise its option.

The short answer to the petitioner's contention that it should have relief against forfeiture is that the petition did not seek it. We do not suggest that there is a basis for such relief on the facts shown. See *Fidelity & Columbia Trust Co.* v. *Levin,* 128 Misc. (N. Y.) 838, affd. 221 App. Div. (N. Y.) 786, affd. 248 N. Y. 551. Compare *Judkins* v. *Charette,* 255 Mass. 76, 83; *Jones* v. *Gianferante,* 305 N. Y. 135, 138–139, and cases cited; *Application of Topp,* 81 N. Y. S. 2d 344; *McClellan* v. *Ashley,* 200 Va. 38, 43, and cases cited.

> *Decree affirmed.*
> *Costs and expenses of this appeal*
> *to be awarded in the discretion*
> *of the Probate Court.*