C. & W. Dyeing and Cleaning Co., Inc. *vs*. Mary M. DeQuattro.

Plymouth.   May 16, 1962. — July 11, 1962.

Present: Wilkins, C.J., Spalding, Cutter, Kirk, & Spiegel, JJ.

*Contract*, For sale of real estate, Option, Performance and breach. *Equity Jurisdiction*, Specific performance.

Under a lease for a ten year term beginning on September 1, 1954, providing that "if the Lessee within five years from the commencement of the term . . . shall give to the Lessor two months notice in writing that he desires to purchase the premises . . . for . . . [a stated sum], the Lessor on or before the expiration of such notice will convey . . . the demised premises to the Lessee," an assignee of the lessee, by a letter to the lessor received on June 24, 1959, stating that the assignee "desires to exercise the option to purchase," acted seasonably and brought into effect a bilateral contract for purchase and sale of the premises; but under the language of the option provision, construed in the light of the facts that shortly before September 1, 1959, the assignee had twice requested an extension of time for passing of papers and the lessor had twice refused the request, it was apparent that the parties intended that, regardless of when the option was exercised, the transaction should be consummated not later than five years from the commencement of the term of the lease, and where the assignee was not ready or able to pay the purchase price on September 1, 1959, he was not entitled to specific performance later on the ground that in equity time is not of the essence of a contract to convey land.

Bill in equity filed in the Superior Court on September 16, 1959.

The suit was heard by *Vallely*, J.

*Lewis H. Miller* (*David Silverstein* with him) for the plaintiff.

*Frederick H. Balboni* for the defendant.

KIRK, J. The plaintiff has appealed from a final decree dismissing its bill in equity for the specific performance of a contract for the sale of land owned by the defendant. The case is before us on a statutory report of material facts. The evidence is not reported.[1] We therefore accept the reported findings as true, unless mutually inconsistent. *Sturnick* v. *Watson,* 336 Mass. 139, 143. The question is whether on the findings reported the decree was rightly entered. *Jose* v. *Lyman,* 316 Mass. 271, 277, and cases cited. *Cross* v. *Cross,* 324 Mass. 186, 188.

The plaintiff is the present occupant of the locus under a lease originally executed between one Weiner as lessee and the defendant as lessor, and assigned at the commencement of the term by Weiner to the plaintiff with the defendant's consent. The lease is for a ten year period beginning on September 1, 1954, and ending on August 31, 1964.

Paragraph seven of the lease provides: "The Lessor agrees that if the Lessee within five years from the commencement of the term hereby created shall give to the Lessor two months notice in writing that he desires to purchase the premises herein described for the sum of $23,000.00, the Lessor on or before the expiration of such notice will convey . . . the demised premises to the Lessee . . . the said $23,000.00 to be payable as follows: $5,000.00 in cash and $18,000.00 by a promissory note of the Lessee secured by a first mortgage on the demised premises . . . ."

On June 24, 1959, the plaintiff sent the following letter to the defendant: "Please be advised that the undersigned [plaintiff], assignee of the lessee . . . hereby desires to exercise the option to purchase the . . . property described in . . . lease in accordance with the terms and provisions as stated therein.

"This notice is sent to you as required by the terms of said lease containing the option to purchase said property. . . ."

---

[1] Neither the "Abbreviated Transcript of Evidence in Narrative Form" nor the typewritten transcript presented to us at oral argument brings the evidence properly before us. G. L. c. 214, § 24. G. L. c. 231, § 135. Rule 2 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 692, 693–695.

The judge found that "[o]n August 22, 1959, the plaintiff informed the defendant that it was unable to raise the $5,000.00 cash that was called for by the option and asked the defendant to extend the time for one year on the payment of $500.00." This was refused. Another such request was made by the plaintiff and rejected by the defendant on August 23, 1959.

On August 31, 1959, the plaintiff's counsel informed the defendant that he believed that he could have the necessary cash available on the following day. On September 1, 1959, the plaintiff's representatives, including its counsel, and one Kovey, a mortgage broker, came to the place of business of the defendant's husband, who was acting as the defendant's agent in this transaction. The defendant's husband was notified at this time that the plaintiff wished "to exercise its option to buy." The defendant's husband told the plaintiff's representatives that the option had expired on the previous day and that the defendant did not intend to convey the property.

The judge found that the plaintiff "was not ready or able to exercise the option" on September 1, 1959.

The plaintiff contends that this finding tends to confuse "the exercise of the option to purchase with the consummation of the contract to buy and sell land which came into being when the option was exercised." Paragraph seven of the lease, as we interpret it (*Shayeb* v. *Holland,* 321 Mass. 429, 431. *Powers, Inc.* v. *The Wayside, Inc. of Falmouth,* 343 Mass. 686, 689), constituted an irrevocable offer by the defendant to convey the demised premises to the plaintiff for the stated price if, not later than two months before the expiration of five years from the commencement of the lease, the plaintiff notified the defendant that it desired to purchase the premises. By its letter of June 24, 1959, the plaintiff complied with the conditions of, and duly accepted, the defendant's offer. Thereupon there came into effect a bilateral contract between the plaintiff and the defendant for the purchase and sale of the premises. *Rigs* v. *Sokol,* 318 Mass. 337, 344. See *Nichols* v. *Sanborn,* 320

Mass. 436, 438. This contract was to be performed "on or before the expiration of [the two months'] notice." Thus, assuming that the defendant received the notice on June 24, 1959, the sale was to be consummated by August 24, 1959.[2]

The plaintiff, relying on the rule that "in equity time is not of the essence of a contract to convey land, unless made so by the contract or by circumstances that would make a belated enforcement inequitable," (*Gevalt* v. *Diwoky,* 319 Mass. 715, 716, and cases cited), contends that it had a reasonable time after August 24, 1959, to tender its performance. This general rule, however, does not avail the plaintiff on the facts here disclosed. Both from the language of the option provision in the lease and from the construction placed on it by the parties, as evidenced by their conduct as September 1, 1959, approached (*Atwood* v. *Boston,* 310 Mass. 70, 75, and cases cited; see Restatement: Contracts, § 235 [e]; Williston, Contracts [3d ed.] § 623), we are of opinion that it was the intention of the parties that, regardless of when the option was exercised, the contract of purchase and sale was to be consummated not later than five years from the commencement of the term of the lease, i. e., not later than September 1, 1959.[3]

As stated, the judge found that the plaintiff was not ready or able to pay the purchase price[4] on September 1, 1959. This finding is not inconsistent with any of the other reported findings. It is fatal to the plaintiff's case. Since the plaintiff was not ready or able to pay the agreed price within five years from the commencement of the term, the defendant was not under an obligation to convey. *Hunt* v.

---

[2] Two months is construed as two calendar months. *Churchill* v. *Merchants' Bank,* 19 Pick. 532, 535. The two months' period is measured from the date on which the defendant received the notice, *Sweeney* v. *Morey & Co. Inc.* 279 Mass. 495, 502, but the date of receipt is excluded in the computation. *Boston Penny Sav. Bank* v. *Assessors of Boston,* 314 Mass. 599, 600.

[3] See *Nickerson* v. *President & Fellows of Harvard College,* 298 Mass. 484, 485; *Bogash* v. *Studios, Inc.* 303 Mass. 207, 208.

[4] The judge's finding, although couched in terms of an "exercise [of] the option" can, as is evident from other reported facts, have reference only to the plaintiff's inability to pay the agreed price on September 1, 1959.

*Bassett,* 269 Mass. 298, 302. *Beck* v. *Doore,* 319 Mass. 707, 710. See *Leigh* v. *Rule,* 331 Mass. 664, 668. The declaration of the defendant (through her agent) on September 1, 1959, that she did not then intend to convey the premises, had no bearing on the plaintiff's inability to pay the purchase price on that day and therefore did not excuse it. See Williston, Contracts (3d ed.) § 699; Restatement: Contracts, § 306, and comment a. Compare *Leigh* v. *Rule,* 331 Mass. 664, 668–669; *Tucker* v. *Connors,* 342 Mass. 376, 383.

*Decree affirmed with costs of appeal.*