Rescript Opinions.

GENNARO CAPALDI, trustee, *vs.* BURLWOOD REALTY CORPORATION. February 3, 1966. On January 31, 1961, the defendant entered into an agreement with the United States of America (government) whereby the government was given an assignable option to purchase a parcel of real estate in Burlington for $19,000. The option was thereafter assigned to the plaintiff under an arrangement whereby the plaintiff was to construct a building on the property for postal purposes and lease it to the government. The defendant was duly notified of the assignment. Before the option period had expired the defendant notified the plaintiff that it had discovered that it did not own all the land mentioned in the option and would be unable to convey. In this action of contract for breach of the option agreement a verdict of $1,500 was returned for the plaintiff. The bill of exceptions brings before us several exceptions of the plaintiff to various rulings on evidence. The plaintiff was permitted to introduce evidence as to the difference between the option price and the fair market value of the property. The rulings complained of arose out of attempts to introduce evidence of loss of profits and certain out of pocket expenses. Specifically, these were rulings excluding (1) the agreement between the plaintiff and the government to lease the property; (2) evidence that the plaintiff engaged an architect to make plans and the cost thereof; and (3) evidence tending to show the income to be derived from the lease after expenses. We lay to one side the defendant's contentions that the plaintiff did not properly save his rights to these rulings either because of a failure to except to them or because offers of proof were lacking, and deal with the rulings on their merits. There was no error. The measure of damages in a case of this sort is the difference between the value of the property at the time the purchaser was to have a conveyance of it, and the price which he was then to pay. *Hallett* v. *Taylor*, 177 Mass. 6, 8–9. *Olszewski* v. *Sardynski*, 316 Mass. 715, 717–718. *Widebeck* v. *Sullivan*, 327 Mass. 429, 434. Williston, Contracts, § 1399. The plaintiff had the benefit of this rule. He was not entitled to show loss of estimated profits or out of pocket expenses. Exceptional cases may arise where a departure from the usual rule is permitted (see, e.g., *Neal* v. *Jefferson*, 212 Mass. 517, 523), but this is not one of them.

*Exceptions overruled.*

*Charles G. Kadison, Jr.* (*Julian J. D'Agostine* with him) for the plaintiff.

*Earle C. Cooley* for the defendant.