Edward's Fine Furniture, Inc. *vs.* Edward DiTullio & another,[1] trustees.

Suffolk.   October 9, 1969. — October 31, 1969.

Present: Wilkins, C.J., Cutter, Kirk, Spiegel, & Reardon, JJ.

*Equity Jurisdiction*, Forfeiture.   *Landlord and Tenant*, Waiver, Termination of lease.   *Waiver.*

Evidence reported in a suit in equity warranted conclusions by the trial judge that the lessors under a lease providing that they should be entitled to terminate it upon default in any payment of rent for fifteen days .after demand by them had waived nonpayment when due of certain additional rent provided for in the lease, that nonpayment of such additional rent for more than fifteen days after demand therefor subsequently made did not prejudice the lessors and resulted from a difference of opinion between them and the lessee as to the amount thereof, and that termination of the lease would work a forfeiture against which equity should grant relief.

Bill in equity filed in the Superior Court on May 22, 1967.

The suit was heard by *Hale*, J.

*Frank D. Branca* for the defendants.

*John S. Ahern* for the plaintiff.

Kirk, J.   The defendants appeal from a final decree in the Superior Court enjoining them from prosecuting a summary process action to recover possession of premises occupied by the plaintiff under a written lease.   The decree also provided that upon payment of the sum of $1,352.56 by the plaintiff (lessee) to the defendants (lessors) the purported termination of the lease by the lessors shall be void.

The evidence is reported.   The judge made comprehensive findings of fact which we summarize.

The premises are located on Canal and Friend streets in Boston where the lessee conducts a furniture business.   The

---

[1] John F. Fitzpatrick.

lease was executed on August 26, 1959, for a period of ten years with extension options. The lease called for an increase in rent in any year when there was an increase in the tax rate, payment of the addition to be made within sixty days of the date the taxes became due, and provided that a default on any rent payment including additional rent which continued for fifteen days after written notice by the lessors would entitle the lessors to terminate the lease. As the result of conversations during each year between representatives of the lessee and the lessors concerning the deferment of the payment of additional rent, the lessors did not submit a bill for or demand payment of additional rent from 1959 through 1966. On November 16, 1966, the lessee asked for a statement of the amount due. On January 27, 1967, the lessee received a written demand for the immediate payment of $2,874.10, the amount computed by the lessors to be due. On February 27, 1967, the lessors sent a notice terminating the lease because the additional rent demanded had not been paid within fifteen days of the written demand. The lessee immediately sent a check for the amount demanded. On the same day, February 27, 1967, while on the leased premises concerning repairs, one of the lessors asked for and received from the lessee a check for $1,800 for rent due on March 1, 1967. The lessor gave the check to his attorney who wrote to the lessee that the check was accepted for use and occupancy only, that the lessee was now a tenant at sufferance and that the termination of the lease was not waived. The checks for $2,874.10 and $1,800 were returned to the lessee. The lessee has tendered a check for each subsequent month's rent when due. Each check has been returned by the lessors.

The judge found that any default flowing from the lessee's failure to pay the additional annual rent because of tax increases was waived by the lessors. He found that the delay in remitting the sum of $2,874.10 demanded by the lessors on January 27, 1967, did not prejudice the lessors and was due to an honest difference of opinion between the parties on the method of computing the additional charge

and was not intended by the lessee to deprive the lessors of any money rightly due them. He found that both parties had miscalculated the amount due as additional rent. He concluded that termination of the lease would work a forfeiture against which equity should grant relief. The judge determined the amount to which the lessors were entitled as additional rent, ordered it paid, and declared the lease in full force and effect upon such payment.

The lessors do not argue that the judge's findings are plainly wrong but assume conclusions of fact not found by the judge and argue the legal consequences of the assumed facts. The finding of waiver of default for nonpayment of additional rent prior to 1967 was clearly warranted by way of inference if not by direct testimony. See *Younker* v. *Pacelli,* 354 Mass. 738, 741–742.

In all respects the decree was consonant with principles of equity as illustrated by *Finkovitch* v. *Cline,* 236 Mass. 196, 199, *Judkins* v. *Charette,* 255 Mass. 76, 83, and *Mulcahy & Dean, Inc.* v. *Hanley,* 332 Mass. 232, 234.

*Decree affirmed with costs of appeal.*