Hugh M. Hurd & another *vs.* Louis A. Cormier
& others.

Worcester.   December 10, 1970. — February 26, 1971.

Present: Tauro, C.J., Spalding, Cutter, Reardon, & Quirico, JJ.

*Contract*, Option, For sale of real estate, Performance and breach. *Equity Jurisdiction*, Specific performance.  *Tender.*

Under a lease granting the lessees "an option to purchase" the premises "during the term" of the lease, the option was not seasonably exercised where the lessees stated that they were "hereby exercising their option" in a letter sent to the lessors during the term but the lessees made no tender of the purchase price during the term and were not in a position to pay it until some weeks after the term expired and they did not communicate their ability to do so to the lessors until much later. [738–739]

Where a lease granted the lessees an option to purchase the leased premises during the term, and the lessors, during the term and soon after notice from the lessees that they were "exercising their option," sent the lessees a copy of a proposed deed containing an incorrect description and the lessors throughout the term indicated their willingness to consummate the sale during the term, it was held that the sending of the faulty deed did not excuse the lessees from tendering the purchase price during the term, and that, because of their failure to make such a tender, they were not entitled to maintain a suit for specific performance. [739–740]

Bill in equity filed in the Superior Court on August 9, 1968.

The suit was heard by *Meagher*, J.

*Henry P. Grady*, for the plaintiffs, submitted a brief.

*Donald C. Cournoyer* for the defendants.

Reardon, J.   The plaintiffs appeal from a final decree which dismissed their bill for specific performance.  The bill sought conveyance under an option of certain real estate located in Sturbridge and occupied by the plaintiffs under a lease from the defendants.  The terms of the lease re-

quired that the plaintiffs exercise their option to purchase within a period of two years from the date of the execution of the lease. The trial judge to whom the case was submitted on a statement of agreed facts made findings, rulings, and an order for decree, stating "that the actual exercise of the option agreement to purchase the property contained in the lease was not consummated in the period granted by the lease."

The facts as agreed to by the parties are as follows. On September 1, 1966, the plaintiffs and the defendants entered into a lease covering "the home and lot described as lot #17 on Plan of Lots of Glen Ridge Development, dated November 17, 1949, and recorded with Worcester District Registry of Deeds in Plan Book 164, Plan 3." The lease was for the term of one year, with "an option to purchase the above-described premises at the selling price of Nine Thousand Five Hundred ($9,500) with the provision that any rent paid by the . . . [plaintiffs would be] applied in full against the purchase price." The lease went on to provide, with respect to the option, "Said option shall exist during the term of this Indenture in any renewal or extension . . . ."

The lease was renewed by the parties for a one year period beginning September 1, 1967. On August 12, 1968, the plaintiffs informed the defendants in writing, through their respective attorneys, "that . . . [they were] hereby exercising their option as given to them under the terms of lease dated September 1, 1966." Counsel for the defendants replied on August 15, 1968, that he would have the necessary deed drawn, and on August 26 he sent to counsel for the plaintiffs a copy of a deed which purported to be for the leased premises. The deed, however, was for "a single family wooden frame dwelling consisting of *part of* Lot #17 on Shore Road, Sturbridge, Massachusetts (emphasis supplied). In two letters counsel for the defendants pointed out that the sale must be consummated prior to September 1, 1968, or the defendants would consider the option unexercised and expired.

Notwithstanding the inaccuracy of the description of the

property in the deed, and without communicating that fact to counsel for the defendants, counsel for the plaintiffs attempted unsuccessfully to conduct a title search of the property as described in the deed. The problem arising from the description was first referred to on September 24, 1968, in a letter from the plaintiffs' attorney to the defendants' attorney, which letter indicated the expectation that the sale would nonetheless be completed. Meanwhile the plaintiffs had succeeded on September 19, 1968, in procuring a mortgage commitment from a local bank which, together with funds in the possession of the plaintiffs' attorney, would have covered the full purchase price of the leased premises.

There are two issues in this case. The first is whether the option was so exercised as to obligate the defendants to convey. The second is, on the assumption that it was not, whether the defendants by their conduct waived their right not to convey on the grounds of a defective acceptance.

1. It is established as a general rule that "whether the question arises at law or in equity, time is of the essence of an option." *Bickford* v. *Dillon,* 321 Mass. 82, 84. *Donovan Motor Car Co.* v. *Niles,* 246 Mass. 106, 107. *Hunt* v. *Bassett,* 269 Mass. 298, 302. *Nichols* v. *Sanborn,* 320 Mass. 436, 438. *Cities Serv. Oil Co.* v. *National Shawmut Bank,* 342 Mass. 108, 110. *Mayer* v. *Boston Metropolitan Airport, Inc.* 355 Mass. 344, 351. Corbin, Contracts, § 273. Williston, Contracts (3d. ed.) § 853. In addition, it is the rule in Massachusetts that where an option speaks in terms of purchase within a specified time, without reference to notice by the option holder of his intention to exercise the option, acceptance can be only by tender of the specified price. Notice of intention to exercise, without tender of payment, does not bind the owner to convey. *Hunt* v. *Bassett,* 269 Mass. 298, 302. See *Mayer* v. *Boston Metropolitan Airport, Inc.* 355 Mass. 344, 353–354. Compare *Cities Serv. Oil Co.* v. *National Shawmut Bank,* 342 Mass. 108, 110–111; *C. & W. Dyeing & Cleaning Co. Inc.* v. *DeQuattro,* 344 Mass. 739, 741; *American Oil Co.* v. *Cherubini,* 351 Mass. 581, 585. Thus, under the terms of this option the plaintiffs

were required to tender the purchase price, or at least show themselves ready, willing and able to do so, by September 1, 1968. The facts indicate that they were not in fact in a position to pay the purchase price until their application for a mortgage was accepted on September 19, 1968, almost three weeks after the time for exercise had expired. In addition, they did not communicate to the defendants until April 1, 1969, their ability to pay, there being no mention of it in their counsel's letter of September 24, 1968, to the defendants' counsel.

2. We now consider whether the conduct of the defendants in forwarding a faulty deed to the plaintiffs was such as to excuse the lateness of the plaintiffs in tendering performance. In our view it was not. Only where the other party has shown himself plainly unwilling or unable to convey is tender of performance within the term of the option not required. *Nichols* v. *Sanborn*, 320 Mass. 436, 438. *Leigh* v. *Rule*, 331 Mass. 664, 668. *Tucker* v. *Connors*, 342 Mass. 376, 383. Such is not this case. The defendants at all times prior to September 1, 1968, evinced a willingness to consummate the sale, and the faulty draftsmanship of the deed sent to the plaintiffs is not to be construed as a repudiation of the option. Nor was an inability on the part of either party to complete the sale on September 1, 1968, thereby created. The Plaintiffs were possessed of an adequate description of the premises leased to them to proceed in their title search while the defendants drew a proper deed.

We cannot discover that this option permitted the defendants to profit by their own delaying tactics, on the assumption that there were such tactics evident in the events between August 15 and September 1, 1968. If the plaintiffs had tendered the purchase price by September 1, the defendants would have been under the obligation to execute and deliver a proper deed. Furthermore, the defendants kept the plaintiffs apprised of their view of the requisites of the option from the time the plaintiffs purported to exercise it on August 12. There was no objection at that time from the plaintiffs, nor did they attempt to

obtain an extension while they applied for a mortgage. The record reveals considerable nonchalance on the part of the plaintiffs in the preservation of their rights, and there is no inequity in the denial of relief to them now.

*Decree affirmed.*