BARBARA I. WEINREB & others, administratrices, *vs.* CHARLES E. CLARKE & others. April 7, 1972. The original plaintiff, Nathan Yamins, now deceased (plaintiff), in a bill sought to confirm his leasehold interest in land in Seekonk under a lease dated August 29, 1953. The defendants in their answer deny the existence of the lease and allege that Yamins had failed to abide by its provisions concerning rent and tax payments and renewal options. A Superior Court judge found that the lease was originally executed by the members of the Clarke family and one Romano who thereafter assigned the lease to the plaintiff. From 1953 to 1966, the entire rental was paid to Ella F. Mac-Pherson, daughter of one of the original lessors, and all the owners received from her their proportional shares of the rental. On or about March 10, 1966, a notice to quit was sent to the plaintiff by the defendants' attorney. It appeared that through the plaintiff's error and inadvertence as to the amount of the monthly rental an arrearage of $1,117.44 was overdue and payable. The defendants refused a prompt tender of this sum, although two other landowners did accept the adjustment. The leased premises were occupied by a drive-in theater operated by a corporation of which the plaintiff was the sole stockholder. The lease provided that the lessee "shall have the option to renew this lease for two further periods: A. For a first further period of ten (10) years" beginning June 1, 1957, with a slight increase in monthly rental, "with a further right of renewal as hereinafter stated providing . . . [the lessee] shall give written notice of his intention to so renew at least thirty (30) days before the expiration of this lease; and B. For a further period of twenty (20) years . . . [on] written notice . . . to renew . . .." The judge ruled that the first extension of ten years under the lease required no written notice by the lessee to the lessor and found that "even if such notice were required, the conduct of the defendants in receiving rentals for a period of years after the first further renewal period commenced, and remaining silent while $35,000 in additional capital improvements were openly . . . expended by the . . . corporation after the further renewal period commenced, constituted a waiver of said written notice." He further found that no written notice of the first further extension was ever received by the defendants although a sufficient and seasonable written notice of the second extension was sent by the lessee and received by the defendants. There was no error. We agree with the judge that no written notice was required on the first extension. Even if it were required, the requirement was waived by the conduct of the defendants in receiving their share of the rent for a period of years without complaint. A lessor may waive such a provision. *Wood* v. *Edison Elec. Illuminating Co.* 184 Mass. 523, 527. *Bickford* v. *Dillon*, 321 Mass. 82, 83. We are not of opinion that the lease should be forfeited because of the rent arrearage caused by the plaintiff's inadvertence. Such a forfeiture, in the words of the trial judge, would work an inequity. *Mulcahy & Dean, Inc.* v. *Hanley*, 332 Mass. 232. *Edward's Fine Furniture, Inc.* v. *DiTullio*, 356 Mass. 380.

Mrs. MacPherson, as the trial judge indicated, could be regarded as an agent for all the owners of the premises. Their acceptance of rents as paid constituted ratification of her actions in receiving the monthly payments. *Selig* v. *Kopsiaftis*, 357 Mass. 91.

*Decree affirmed with costs.*

*Harold H. Winsten* for the defendants.
*George W. McLaughlin* for the plaintiffs.