GEORGE C. CHRISTIAN & another *vs.* LAWRENCE GIARD. July 16, 1975. The option to buy in the lease contained no provision for notice by the appellants of their intention to exercise it. Accordingly, the appellants' "[n]otice of intention to exercise, without tender of payment, . . . [did] not bind the . . . [appellee] to convey." *Hurd* v. *Cormier,* 358 Mass. 736, 738 (1971), and cases cited. Both the express terms of the lease and the conduct of the parties (compare *C & W Dyeing & Cleaning Co. Inc.* v. *DeQuattro,* 344 Mass. 739, 742 [1962]) show that the option term expired March 7, 1974. At no time prior thereto did the appellants make a legally effective "tender . . . [of] the purchase price, or at least show themselves ready, willing and able to do so." *Hurd* v. *Cormier,* 358 Mass. 736, 738-739 (1971). Contrast *Slater* v. *Easter, ante,* 757 (1975). Nor does the record indicate that the appellee was unable or unwilling to convey the property in question during the option term; the judge's thorough findings establish the opposite. We have considered the other contentions sought to be raised by the appellants and find them to be without merit.

*Decree affirmed.*

The case was submitted on briefs.
*George C. Christian,* pro se.
*David J. Giard, Jr.,* for the defendant.