Dissenting Opinion
Tierney, J.
dissenting:
The plaintiff-appellant in this case claims to be aggrieved by the failure of the court to grant plaintiff’s requests for rulings 1-9,11,12,16,17,18,20,23 and 26 along with the court’s rulings on requests numbered 12,23 and 26. All of these requests relate to the issue as to whether the defendant had sustained its burden of proving that the notice of October 6,1986 (Exhibit 12) terminated the subject lease in accordance with its terms. The lease between the parties contains the following provision:
14.24 Extension of lease term. Anything in this lease to the contrary not withstanding, landlord and tenant hereby expressly agreed that the term of this lease shall automatically be extended from year to year, until either landlord or tenant shall give to the other at least ninety (90) days prior written notice of its desire to terminate this *104 lease as of then applicable expiration date... . .Except as aforesaid, all of the terms and conditions and provisions of this lease shall be applicable to any extension of the term hereof.
The lease also provided the following paragraphs as to notice:
14.11 Notice: Whenever, by the terms of this lease, notice shall or may be given either to landlord or to tenant, such notice shall be in writing and shall be delivered in hand or sent by registered or certified mail, postage prepaid. If intended for landlord, addressed to landlord at the address set forth in the first page of the lease.
If intended for tenant, addressed to tenant at the address set forth in the first page of the lease (or to such other address or addresses as may be from time to time hereafter be designated by tenant by like notice.
All siich notices shall be effective when delivered in hand, or when certified mail, return receipt requested provided that the same are received in ordinary course at the address to which the same were sent.
The majority opinion states “it is settled that where a lease prescribes the kind of notice that must be given in order to exercise an option to extend or renew, that notice must be complied with strictly. Stone v. St. Louis Stamping Co., 155 Mass. 267, 270; Bickford v. Dillon, 321 Mass. 82, 84 (1947); Donovan Motor Car Company v. Niles, 246 Mass. 106, 107 (1923).
A provision in a lease providing for the automatic extension of the lease from year to year until the giving of notice by either landlord or tenant of an intention to terminate the lease, represents, in the absence of such notice, a “lease in presentí.” Dix v. Atkins, 130 Mass. 171, 172 (1881).
The notice relied upon by the court in its determination that the defendant notified the plaintiff of its desire to terminate the lease (Exhibit 12) failed to comply with the notice requirements of articles 14.24 and 14.11 of the lease that were contracted for between the parties and thus failed to terminate the lease. Archambault v. Walton, 287 Mass. 216, 218 (1934).
As the language in the lease extension provisions is unequivocal and there is no ambiguity in the term, the provision must be construed in its usual and ordinary sense and the contract must be enforced according to its terms. Sherman v. Employer's Liability Assurance Corp., Ltd., 343 Mass. 354, 356 (1961).
As a matter of law, defendant’s purported notice to terminate this subject lease did not strictly comply with the terms of article 14.24 of the subject lease and thus was ineffective.
I would vacate the judgment and remand the case back to the trial court of this department with instructions to enter a new judgment adding to the originaljudgment the amount of rent claimed by the plaintiff from February 1, 1987 through June 30,1987.
I therefore, respectfully dissent.