WILLIAM W. BRAUER & another *vs.* FRANK SHAW & others.

SAME *vs.* SAME.

Suffolk.    January 14, 1897. — March 29, 1897.

Present : FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Contract — Offer — Acceptance — Revocation.*

If an offer is accepted by telegraph before a telegram revoking it has been sent, the acceptance being received before the revocation of the offer is received, the offer is outstanding when accepted, and there is a completed contract.

TWO ACTIONS OF CONTRACT, for the alleged breach of two contracts. The cases were tried together in the Superior Court, before *Lilley*, J., who ruled, as requested by the defendants, that the plaintiffs were not entitled to recover in either action, and directed the jury to return a verdict for the defendants in each case ; and the plaintiffs alleged exceptions. The facts appear in the opinion.

*H. M. Rogers*, for the plaintiffs.

*B. L. M. Tower*, (*F. A. North* with him,) for the defendants.

HOLMES, J.    These are two actions of contract, on alleged contracts letting all the cattle carrying space on the Warren line of steamships for the May sailings from Boston to Liverpool, the first contract at the rate of fifty shillings a head, the second and alternative one at fifty-two shillings and sixpence. As we are all of opinion that, for one reason or another, the

right to recover upon the first contract is not made out, it may be stated shortly. On April 15, 1892, after earlier correspondence, the defendants wrote stating terms, saying that they had telegraphed that they " would probably accept 50/s. if reply promptly," referring to an answer asking to have the space kept until noon the next day, and to their reply that they would " try to keep space for you," and adding that there were several customers, and that they should feel " duty bound to let it to the first man making the best bid." The plaintiffs' agents telegraphed at fifty-three minutes past eight the next morning, making a modified offer. Whether they had received the above letter does not appear. The defendants answered, " referring our letter yesterday first offer for number named has preference three parties considering. Wire quick if you want it." This was received in the New York telegraph office at fifteen minutes past ten. At twenty minutes past ten the plaintiffs' agents telegraphed, " Have closed all your May spaces as per letter," etc. This is relied on as making the contract. It does not appear whether the telegram which arrived only five minutes before had been received. If not, and if the last telegram was in answer to the letter only, the plaintiffs would encounter the question whether the letter contained an absolute offer or only invited one, and if the former, whether the offer had not been rejected by the modified offer in the first telegram mentioned. However this may be, the parties did not stop at the point which we have reached but went on telegraphing as we shall state, so that if there was any moment when a contract had been made the parties assumed the contrary and continued their bargaining. Either no contract had been made thus far, or it was discharged by the conduct of the parties. It was treated as discharged in a letter of the plaintiffs' agents written later on the same day.

We come then to the later telegrams of the same day, which are relied on as making the second contract. At half past eleven the defendants telegraphed, " Subject prompt reply will let you May space fifty-two six." This was received in New York at sixteen minutes past twelve, and at twenty-eight minutes past twelve a reply was sent accepting the offer. For some reason this was not received by the defendants until twenty

minutes past one. At one the defendants telegraphed revoking their offer, the message being received in New York at forty-three minutes past one. The plaintiffs held the defendants to their bargain, and both parties stand upon their rights.

There is no doubt that the reply was handed to the telegraph company promptly, and at least it would have been open to a jury to find that the plaintiffs had done all that was necessary on their part to complete the contract. If then the offer was outstanding when it was accepted, the contract was made. But the offer was outstanding. At the time when the acceptance was received, even, the revocation of the offer had not been received. It seems to us a reasonable requirement that, to disable the plaintiffs from accepting their offer, the defendants should bring home to them actual notice that it had been revoked. By their choice and act they brought about a relation between themselves and the plaintiffs which the plaintiffs could turn into a contract by an act on their part and authorized the plaintiffs to understand and to assume that that relation existed. When the plaintiffs acted in good faith on the assumption, the defendants could not complain. Knowingly to lead a person reasonably to suppose that you offer and to offer are the same thing. *O'Donnell* v. *Clinton*, 145 Mass. 461, 463. *Cornish* v. *Abington*, 4 H. & N. 549. The offer must be made before the acceptance, and it does not matter whether it is made a longer or a shorter time before, if by its express or implied terms it is outstanding at the time of the acceptance. Whether much or little time has intervened it reaches forward to the moment of the acceptance, and speaks then. It would be monstrous to allow an inconsistent act of the offerer, not known or brought to the notice of the offeree, to affect the making of the contract; for instance, a sale by an agent elsewhere one minute after the principal personally has offered goods which are accepted within five minutes by the person to whom he is speaking. The principle is the same when the time is longer and the act relied on a step looking to but not yet giving notice. The contrary suggestion by Wilde, J., in *M'Culloch* v. *Eagle Ins. Co.* 1 Pick. 278, 279, is not adopted as a ground of decision, and the view which we take is that taken by the Supreme Court of the United States, and is now the settled law of England. *Tayloe* v. *Mer-*

*chants' Ins. Co.* 9 How. 390, 400. *Patrick* v. *Bowman*, 149 U. S.
411, 424. *Byrne* v. *Van Tienhoven*, 5 C. P. D. 344. *Stevenson*
v. *McLean*, 5 Q. B. D. 346. *Henthorn* v. *Fraser*, [1892] 2 Ch.
27. *Thomson* v. *James*, 18 Ct. of Sess. Cas. (2d series) 1. Lang-
dell, Con. § 180. *Drew* v. *Nunn*, 4 Q. B. D. 661, 667. *Wheat*
v. *Cross*, 31 Md. 99, 103. *Kempner* v. *Cohn*, 47 Ark. 519, 527.

It is unnecessary to consider other reasons which were urged
for our decision.                         *Exceptions sustained.*