LOUIS STOICO, INC. *vs.* COLONIAL DEVELOPMENT CORP.

Middlesex. January 6, 1976. — March 15, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Contract,* Option, For sale of real estate, Performance and breach.

In an action for breach of an option contract for the sale of land, an amendment to the contract, made at a time when the land was subject to an attachment arising out of a suit pending between the seller and a third party, expressed the clear intent of the parties to the contract to extend the time for exercising the option to within 30 days of the settlement of the suit rather than within 30 days of the discharge of the attachment [902]; and the amendment did not fail for indefiniteness where it provided a sound basis for determining when a breach of the agreement could occur [902-903].

A provision in an option contract for the sale of land which allowed the option to be exercised within 30 days of the settlement of a law suit between the seller and a third party was not modified by unconsummated "agreements" to convey the land subsequent to the discharge of an attachment of the land by the third party but prior to settlement of the suit, and the 30-day period did not commence until the seller notified the buyer of the settlement of the suit. [903-904]

CONTRACT. Writ in the First District Court of Eastern Middlesex dated July 14, 1972.

The action was heard by *Flynn,* J.

*Frederick J. Conroy (Joseph P. Collins* with him) for the defendant.

*Elihu Pearlman* for the plaintiff.

HENNESSEY, C.J.   The plaintiff, Louis Stoico, Inc. (Stoico), sued the defendant, Colonial Development Corp.

(Colonial), on an option contract for the sale of a parcel of land in Lexington, Massachusetts (lot 61). The option contract was executed by Colonial on August 15, 1963, subsequently modified on two occasions, and allegedly breached by Colonial's conveyance of lot 61 to a third party on May 26, 1972. Colonial answered, in effect, that the option had expired long before it sold lot 61 to the third party.

A judge of a District Court heard the case and entered a judgment for Stoico in the amount of $8,900. Colonial appealed to the Appellate Division of the District Courts and the judge's findings and rulings were reported to the Appellate Division for determination whether there was error of law.[1] G. L. c. 231, § 108, as amended through St. 1973, c. 1114, § 196.[2] The Appellate Division found no error and dismissed the report. We are asked to review the decision of the Appellate Division pursuant to G. L. c. 231, § 109, as amended through St. 1975, c. 377, §§ 108-108A. We affirm the order dismissing the report.

The Appellate Division reviewed a report which contained evidence tending to show that the parties entered into a binding option contract on August 15, 1963, the terms of which provided that, in consideration of a $100

---

[1] As a preliminary matter, the Appellate Division found no error in the judge's treatment of twenty-one "Requests for Findings of Facts and Rulings of Law" filed by Colonial, some of which were allowed as abstract propositions of law but rendered immaterial by the judge's findings and rulings, and others of which were denied as directed to a finding of fact, inconsistent with the facts found and law applicable thereto, or because a fact stated in the request was not found by the judge. Since Colonial did not raise any issues bearing on its specific requests before the Appellate Division, Colonial's objection to the denial of certain of these requests was treated as waived, and the Appellate Division considered only Colonial's appeal from six rulings of law made by the judge. See Rules 27 and 28 of the Rules of the District Courts for Civil Actions (1952), as amended.

[2] General Laws c. 231, § 108, has been amended further by St. 1975, c. 377, §§ 106-107B (effective July 1, 1975), but this amendment is not material to the instant case.

payment from Stoico to Colonial, Colonial would convey lot 61 to Stoico for an additional payment of $9,400, on thirty days' written notice to Colonial, if the option were exercised on or before August 20, 1964. At the time this option contract was entered into by the parties, lot 61 was subject to an attachment in favor of the Rufo Construction Company (Rufo) and a suit was pending in the Superior Court in Middlesex County between Rufo and Colonial. The option period was amended and shortened to March 1, 1964,[3] by agreement of the parties; later the date was changed again, with the assistance of an attorney for Colonial, so that the option was extended to "within 30 days of the Settlement of [the Rufo case]."[4] The attachment on lot 61 was discharged sometime after the second amendment to the option term was inserted by the parties, and subsequently at least two attempts were made to complete the sale of lot 61. On neither occasion was the sale of lot 61 consummated, each party blaming the other for refusal to complete the sale. At some time in 1970 there was discussion between Stoico

---

[3] The judge found that the first amendment to the option contract changed the "August 30 [sic], 1964" date to "April 1, 1964." The Appellate Division, in setting forth the evidence as presented in the judge's report, stated that the first amendment changed the "August 20" termination date to "March 1." The record before us, though it is far from clear, indicates that the "March 1" date is probably correct. At any rate, neither party made anything of this discrepancy on appeal, and the conduct of Colonial and Stoico after March 1, 1964, shows that both considered the option open after that date.

[4] Colonial and Stoico had appeared before a judge of the Superior Court for Middlesex County in an attempt to obtain a release of certain lots (including lot 61) from the Rufo attachment, but were, at first, unsuccessful. Colonial then contacted an attorney who had performed services previously for it in real estate transactions. Colonial and Stoico met with this attorney and the option contract was amended further so that the wording "on or before March 1" was changed to read "within 30 days of the Settlement of Rufo Construction vs. Colonial Development case in the Middlesex Superior Court . . . #232593." This handwritten change was initialed by duly authorized representatives of both Stoico and Colonial.

and Colonial pertaining to the availability of lots for sale by Colonial, but there was no mention of the Rufo case. The Rufo case was settled on October 8, 1971. Stoico did not learn of this settlement until May 26, 1972, the date lot 61 was conveyed by Colonial to the third party for $25,000.

In dismissing the report, the Appellate Division held, see note 1 *supra*, that there was no error in the judge's findings that (1) the parties intended the time for performance of the option to be extended to within thirty days of the *settlement* (or other termination) of the Rufo case, and not to within thirty days of the *discharge* of the Rufo attachment; (2) a breach of the option contract occurred in 1972 rather than in 1964; (3) the receipt of notice by Stoico of the settlement of the Rufo case was a condition precedent to Stoico's duty to perform under the option contract (as amended), and the thirty-day period to exercise the option was not commenced until Stoico received such notice from Colonial; (4) the option could run on substantially beyond any period which the parties contemplated when they amended their original agreement; (5) Stoico was excused from giving thirty days' written notice of its election to purchase under the option agreement; and (6) the option continued in effect until May 26, 1972.

Colonial presses only three of the alleged errors on this appeal, namely, those set out above as (1), (4), and (6). It contends that the conduct of the parties in appearing together before the Superior Court in Middlesex County to obtain a release of the Rufo attachment, see note 4 *supra*, and the language used in further amending the option agreement after they were unsuccessful in the attempt, show that they merely intended to remove the impediment which prevented the sale of lot 61, i.e., the attachment. It further argues that the parties contemplated that the Rufo action would be tried and settled (or otherwise disposed of) within three or four months from the date they amended the option agreement for the

second time. Citing *Miller* v. *Campello Co-operative Bank*, 344 Mass. 76, 79-80 (1962), Colonial points out that ordinarily an option will not be permitted to run on substantially beyond any period which the parties could reasonably have contemplated. Finally, Colonial says that the option was not in effect on May 26, 1972, because it had expired on the last date the parties set to complete the sale (August 14, 1964), or, alternatively, because the time for performance was substantially beyond any period which the parties contemplated.

1. We find no merit in Colonial's first allegation of error. It is basic contract law, fully applicable to option contracts, that the circumstances surrounding the making of an agreement must be examined to determine the objective intent of the parties. *DeFreitas* v. *Cote*, 342 Mass. 474, 476-477 (1961). *Waldo Bros. Co.* v. *Platt Contracting Co.*, 305 Mass. 349, 355-356 (1940), citing *Lovell* v. *Commonwealth Thread Co.*, 272 Mass. 138, 140-141 (1930). In a written contract, the wording employed is particularly significant in discerning this intent if it is unambiguous. In this instance the clear import of the wording used is made even clearer by the fact that the amendment was inserted in the option with the aid of an experienced attorney, acting in full awareness of the pertinent facts after discussion with and in the presence of both parties.

2. Colonial's contention that the parties could not have contemplated sensibly that the option would remain open for more than three or four months from the date of the last amendment is not well taken. This argument is bottomed on the principle that performance terms which are too indefinite may render a contract unenforceable, and it incorporates the rule, more strictly applied to option contracts because of their somewhat peculiar nature, that an option expires if not exercised within the time set forth. *Cities Serv. Oil Co.* v. *National Shawmut Bank*, 342 Mass. 108, 110 (1961), and authorities cited.

The term inserted by the parties here does not fail for

indefiniteness because it provides a sound basis for determining when a breach of the agreement could occur and for affording an appropriate remedy to the party aggrieved in the event of breach. Restatement (Second) of Contracts § 32(2) (Tent. Drafts Nos. 1-7, 1973). As for the reasonableness of the parties in the circumstances, Colonial concedes that neither party knew, at the time of the second amendment, when the Rufo case would be settled. Stoico conducted itself for a period in excess of seven years after the option was last amended as if the option were still in effect. Colonial never indicated to anyone that it considered the option unenforceable. In light of the fact that Colonial had ready access to information regarding the status of the Rufo case, we conclude that Stoico was within a broad definition of reasonableness in awaiting word of settlement from Colonial, no matter how long that might take. See 1 S. Williston, Contracts §§ 38, 40 (3d ed. 1957); 31 A.L.R.3d 522 (1970). We do not view the *Miller* case as establishing any inflexible rule with respect to the expiration of option contracts since that decision was based on construction of an instrument in which the time set for performance by the parties had been rendered unlikely to occur at any time in the future, and twenty-seven years had already elapsed when the reformation action was sought.

3. In its final allegation of error Colonial argues that, even if the option were still open after the final amendment thereto in March, 1964, subsequently the parties twice orally modified the option to establish firm dates for conveyance of lot 61.[5] The record before the Appel-

---

[5] The Appellate Division in its opinion stated Colonial's position on this point as a contention that, since the first modification set the outer limit for performance at March 1, 1964, and the second amendment was not executed until some time after that date, the second amendment created a new option unsupported by consideration. Since nothing in the report of the case to the Appellate Division revealed that Colonial answered Stoico's declaration by alleging failure of consideration, the Appellate Division considered Colonial's argument foreclosed on review; it further noted that there was ample evidence in the report showing that the parties considered the second

late Division is devoid of any indication that the parties intended their abortive "agreements" to convey lot 61 on May 29, 1964, and August 14, 1964, to operate as modifications of their existing contract. It is not entirely clear from the record just what prevented consummation of the sale of lot 61 after the Rufo attachment was released, but the judge would have been warranted in finding that Colonial, for its own reasons, did not wish to convey on the dates just mentioned. The judge fully considered the evidence presented by both parties relative to the two attempts to finalize the sale of lot 61, and his finding was that under the terms of the extended agreement neither party was required to proceed with a passing of papers until notice of the settlement of the Rufo case reached Stoico. This finding was warranted by the evidence.

*Order dismissing report affirmed.*

---

amendment as an extension of the original option. We view Colonial's brief as raising an entirely different point from that considered by the Appellate Division, and we will deal with the matter as raised before this court.