MYLES H. MCTERNAN & another *vs.* YVON J. LETENDRE & another.

Barnstable.    February 13, 1976. — July 30, 1976.

Present: KEVILLE, GOODMAN, & ARMSTRONG, JJ.

*Contract,* Option, For sale of real estate. *Notice. Damages,* For breach of contract, Loss of prospective profits.

Where an option agreement to purchase property gave the purchasers a sixty-day period within which to exercise the option and the purchasers mailed a letter to the sellers on the sixtieth day purporting to exercise the option, a valid contract for the purchase and sale of the property was formed when the letter was posted. [503-505]
In an action by the owners of an inn for breach of contract against the defendants who had entered into a contract to buy the inn and certain furnishings, the judge erred in awarding the owners as damages the difference between the contract price and the fair market value of the property without the furnishings. [505-506]

CONTRACT.    Writ in the Superior Court dated November 6, 1972.

The action was heard by *Travers, J.*

*Jonathan D. Fitch* for the defendants.

*Kenneth A. Cohen* for the plaintiffs.

ARMSTRONG, J.    The plaintiffs own a parcel of land in Harwichport and a building thereon known as the "Country Inn." On April 7, 1972, they and the defendants executed an agreement giving the defendants a sixty-day op-

tion to purchase the property, with furnishings (other than those specifically excluded), for $187,500, subject to a closing date, if the option should be exercised, of September 15, 1972. On June 6, 1972, the sixtieth day, the defendants mailed the plaintiffs a letter purporting to exercise the option. The plaintiffs received the letter on June 8, 1972. Thereafter the plaintiffs curtailed their operation of the inn (the defendants intended to use the property for another purpose) and closed the inn altogether on September 7, 1972. On September 15, 1972, the plaintiffs were ready, willing and able to make the conveyance, and their attorney went to the registry of deeds for that purpose. The defendants, who were not ready, willing and able to take the conveyance, did not appear. On September 25, 1972, the defendant LeTendre told one of the plaintiffs that the defendants were still interested in going through with the purchase but had not been able to arrange financing; on being pressed for a specific date, however, LeTendre "replied that the transaction was at an end." The plaintiffs reopened the inn on October 1, 1972, but lost profits that month and the next because, in anticipation of closing, autumn business had been turned away. There had been no communication between the plaintiffs and the defendants between the date of the agreement and September 25, 1972.

The plaintiffs brought this action for damages for breach of contract, which was tried without jury. The judge found for the plaintiffs and awarded as damages the difference between the contract price, $187,500, and $150,000, which he found to be "[t]he fair market value of the subject premises exclusive of the contents of the building in September, 1972." No evidence was introduced concerning the value of the furnishings which were to have been included in the sale. The judge found, but declined to award as damages, the plaintiffs' loss of profits ($4,200) resulting from the closing down of the inn in anticipation of the sale. The defendants have appealed; the plaintiffs have not.

We are of the opinion that there was a valid contract for the purchase and sale of the inn. The language of the

option agreement[1] (compare *Louis Stoico, Inc.* v. *Colonial Development Corp.* 369 Mass. 898, 902 [1976]) indicates that the parties contemplated that the option could be exercised by the defendants in accordance with the general rules governing the acceptance of offers.[2] The rule generally followed is that an acceptance by mail is effective upon posting if the offer does not otherwise require. Williston, Contracts, § 81, pp. 266-267 (Jaeger ed. 1957). Corbin, Contracts, § 78, p. 333 (1963). Restatement: Contracts, §§ 64 and 66 (1932). Although early Massachusetts cases followed a contrary rule, that acceptances of such offers are effective only upon receipt (*M'Culloch* v. *Eagle Ins. Co.* 1 Pick. 278, 280 [1822]; *Lewis* v. *Browning,* 130 Mass. 173, 175 [1881]), subsequent cases appear to have taken the majority view, that an acceptance is effective upon posting. *Brauer* v. *Shaw,* 168 Mass. 198, 200 (1897). *Commonwealth Mut. Fire Ins. Co.* v. *William Knabe & Co. Mfg. Co.* 171 Mass. 265, 270 (1898). If these cases leave the question in any doubt, we feel that at this late date we should not resolve the uncertainty by putting our law at variance with most of the rest of the country.

---

[1] "This option may be accepted by the said [defendants] . . . within 60 days from the date of this instrument . . ."

[2] Because the language employed in the option agreement so contemplates, we need not consider whether, in the absence of governing language to the contrary, an acceptance of an "option-offer" is subject to the general rules applicable to acceptances of revocable offers (see Williston, Contracts, § 853, p. 222 and n. 18 [Jaeger ed. 1962]; *Shubert Theatrical Co.* v. *Rath,* 271 F. 827, 833-834 [2d Cir. 1921]; *Dawson* v. *Goff,* 43 Cal. 2d 310, 315 [1954]; *Martindell* v. *Fiduciary Counsel, Inc.* 133 N. J. Eq. 408, 413 [1943]), or to "the majority rule that notice to exercise an option is effective only upon its receipt by the party to be notified unless the parties otherwise agreed" (see *Cities Serv. Oil Co.* v. *National Shawmut Bank,* 342 Mass. 108, 110, n. 1 [1961], and cases cited; Corbin, Contracts, § 264, p. 521 [1963]). It should be noted that the *Cities Serv. Oil Co.* case, and the cases relied on in the cited footnote as representative of the majority rule, all involved options which, in one form or another, required that the option holder give "notice" to the other party — a form of language which suggests that the operative fact is the receipt. Corbin, Contracts, *supra.* Williston, Contracts, *supra.* Compare *Costello* v. *Board of Appeals of Lexington,* 3 Mass. App. Ct. 441, 443-444 (1975).

McTernan *v.* LeTendre.

Diversity within the commercial law of a single economic community is not favored (see G. L. c. 106, § 1-102[2][c]); and whatever arguments may be advanced for imposing on offerees the risks of delays and miscarriages of the mails (see Langdell, Contracts at 993-996 [2d ed. 1879]; contrast Corbin, Contracts, § 78 at 336-337 [1963]) are not so conclusive as to warrant a departure from uniformity of practice.

There was error, however, in the computation of damages. The contract price of $187,500 was to cover the land, building and (subject to the list of exclusions) furnishings. There was evidence, accepted by the judge, that the value of the land and the building was $150,000. No evidence was introduced of the value of the included furnishings, nor were they described. The evidence shows no basis for the plaintiffs' contention that the trier of fact could reasonably have concluded that their value was insignificant, and thus no basis for a conclusion that the total of the property to be sold was worth less than the price agreed upon. Although the plaintiffs failed to prove actual damages, they were nevertheless entitled to a judgment for nominal damages.[3] *Tufts* v. *Bennett,* 163 Mass. 398, 399 (1895). *King Features Syndicate, Inc.* v. *Cape Cod Bdcst. Co. Inc.* 317 Mass. 652, 655 (1945). *Newton Constr. Co.* v. *West & So. Water Supply Dist. of Acton,* 326 Mass. 171, 175 (1950). *Rombola* v. *Cosindas,* 351 Mass. 382, 384

---

[3] No contention has been made by the plaintiffs that, in the absence of evidence of "expectancy" damages, they should be permitted to recover the profits which the inn would have earned in September, October and November, 1972, but which were lost when the inn was closed in reliance on the sale's being completed. Compare *Capaldi* v. *Burwood Realty Corp.* 350 Mass. 765 (1966); *Sullivan* v. *O'Connor,* 363 Mass. 579, 584-589 (1973); *Center Garment Co. Inc.* v. *United Refrigerator Co.* 369 Mass. 633, 638-640 (1976). See also *United States* v. *Behan,* 110 U. S. 338, 342-347 (1884); *L. Albert & Son* v. *Armstrong Rubber Co.* 178 F. 2d 182, 189-191 (2d Cir. 1949); McCormick, Damages, §§ 142, 143 (1935). The point is by no means free from difficulty, and in the absence of argument by the parties we do not consider it, for the reason stated in *Commonwealth* v. *Dyer,* 243 Mass. 472, 508 (1922), cert. den. 262 U. S. 751 (1922), and *Soscia* v. *Soscia,* 310 Mass. 418, 420, 422-423 (1941).

(1966). The judgment is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

*So ordered.*