Black, P. J.
This is a Petition to Establish a Report, wherein the defendant, New England Tractor Trailer Training School of Connecticut, Inc., (New England Tractor Trailer-Connecticut) seeks judicial review of the dismissal of its Draft Report and the establishment of a report.
The record discloses that the plaintiff, William S. Palumbo (Palumbo) brought an action against New England Tractor Trailer-Connecticut on September 11, 1985, apparently based upon alleged material misrepresentations made by the defendant in its television and other advertisements. The defendant promptly moved to dismiss the action on the grounds that: (a) New England Tractor Trailer-Connecticut is a corporation organized under the laws of the State of Connecticut and not subject to service or process within the Commonwealth of Massachusetts; (b) the defendant has not and does not do business within the Commonwealth of Massachusetts; (c) the defendant never did and does not maintain an office or other place of business in either Springfield or Quincy, Massachusetts; and, (d) the claim did not arise within the Commonwealth of Massachusetts. In support of its motion, an affidavit of Arlan Greenberg, President and sole stockholder of New England Tractor Trailer-Connecticut, was filed. This affidavit stated that the defendant had been organized and commenced doing business in Connecticut in July 1965 and that its office and principal place of business had always been in Somers, Connecticut. It further averred that:
The corporation has never conducted business outside of Connecticut. It does not transact business in Massachusetts, has never maintained an office, mailing address or other business facilities in Massachusetts, has never owned, leased or had any interest in any property or real estate in the Commonwealth of Massachusetts. The corporation does not presently supply services or things in Massachusetts, and does not, nor ever has engaged in a persistent course of conduct in Massachusetts, and does not derive any substantial revenue from goods used or consumed or services rendered in Massachusetts.
Palumbo subsequently filed a counter-affidavit alleging that he had been induced to enroll in the New England Tractor Training-Connecticut as a result of television advertisements by the defendant on Channel 40, a Springfield television station, and seen by him on television in his home in Chicopee, Massachusetts. He further stated that he had seen poster advertisements by the defendant at various locations in Chicopee and Springfield including the one attached to his affidavit as an exhibit. The exhibit had been placed in the *148 window of a drugstore on Glenwood Circle in Chicopee and showed a large tractor-trailer with the words “New England Tractor Trailer Training” emblazed across the side of the trailer under which was printed “Quincy, Mass. 617-328-0250.” In the center of the poster was information indicating that the defendant had training locations in “Somers, CT, 203-749-0711 SPFLD, MA 413-734-3443 Quincy, MA 617-328-0250”. Toll free (800) numbers were given for both Connecticut and Massachusetts. Palumbo’s affidavit further states that he had gone to an unemployment office in Chicopee at a time when he was unemployed, and was then approached by a salesperson who discussed the New England Tractor Training-Connecticut, following which he received brochures from the defendant mailed to him at his home in Chicopee. Finally the plaintiff stated that he had observed newspaper advertisements promoting the New England Tractor Training-Connecticut in the Springfield Daily news and the Springfield Morning Union, copies of which he purchased in Chicopee.
The plaintiff also offered two affidavits of the defendant’s President, Arlan Greenberg, which had been previously filed in a Massachusetts Superior Court action, which had been brought by New England Tractor Trailer-Connecticut against the Boston Globe (Globe Newspaper Company, Inc., Superior Court Docket #20565), wherein the affiant stated that the plaintiff corporation “has always operated out of two locations: (1) 542 E. Squantum Street, Quincy, Massachusetts and (2) (illegible) Plaza, Main Street, Somers, Connecticut.” In the second affidavit, the affiant (Arlan Greenberg) stated:
Each corporation held itself out as, and has been known as part of, the same school. Our programs and advertising have indicated that the New England Tractor-Trailer Training School operates out of Connecticut and out of Massachusetts.
The judge who heard the defendant’s Motion to Dismiss denied the motion and found that the affidavit filed by the defendant in this case .. if not outright untruthful, is at least quite misleading.” He further concluded that:
It is clear that the motion is frivolous and was not advanced in good faith. Indeed, the contrast in the two affidavits alone would justify the conclusion that sanction should be imposed. It therefore follows that pursuant to General Laws c. 231 § 6F the plaintiff should be awarded reasonable attorney’s fees for the preparation and argument of opposition to the motion to dismiss.
On December 12, 1985, the judge fixed the amount of attorney’s fees to be assessed the defendant at $750.00.
The defendant filed a draft report on December 17,1985 and a second draft report on March 10,1986. No hearing was held on the first draft report, but a hearing was held on the second draft report on June 11, 1986. The judge accorded the defendant ten days within which to file a corrected report. Another report purporting to be a “corrected report” was submitted by the defendant on June 16,1986. This report was disallowed by the judge on June 19, 1986. The defendant filed its Petition to Establish a Report on June 23, 1986.
The Petition to Establish a Report must be denied. The denial of the Motion to Dismiss and assessment of attorney’s fees pursuant to G.L. c. 231, §6F obviously involve interlocutory matters as to which there is no right of appellate review prior to final judgment, in the absence of a voluntary report by the trial judge. In this connection, G.L. c.231, §108 provides pertinently:
If a single justice may, after decision thereon, report for determination by the appellate division any case in which there is an agreed *149 statement of facts or a finding of the facts or any other case involving questions of law only. If a single justice is of the opinion that an interlocutory finding or order made by him ought to be reviewed by the appellae division before any further proceedings in the trial court, he may report the case for that purpose and stay all further proceedings except such as are necesasry to preserve the rights of the parties.” See also Dist./Mun. Cts. R. Civ. P., Rule 64 (b).
Since the judge who heard the motion has not reported the matter voluntarily or consented to a review of his rulings on the defendant’s Motion to Dismiss, the defendant is not now entitled to the review it presently seeks. (Nancy Ratchford v. James Ratchford, 1985 Mass. App. Div. 101, First East Savings Bank v. Bean, 1982 Mass. App. Div. 301 (1982): Nonantum Lumbern Company v. Dempanphilis, 1981 Mass. App. Div. 126).
Although the defendant has misconceived its remedy, the interests of justice require that its right of appellate review as to the trial judge’s ruling on its Motion to Dismiss and the assessment of attorney’s fees be preserved for inclusion in any subsequent report of the case to this court (see G.L. 231, § 110). Any hearings upon a draft report of the case after final judgment shall include these issues, if requested by the defendant.