Flatley, J.
This is a petition to establish the defendant’s draft report which sought immediate appellate review of certain interlocutory rulings made by the trial court. The court declined to authorize the premature appeal sought by the defendant and disallowed the defendant’s draft report.
On September 6,1989, the plaintiff filed a complaint in negligence against a sole defendant, Leo Weiffering, to recover for injuries allegedly sustained on September 9,1986 on premises owned and maintained by Leo Weiffering.
At some time thereafter, plaintiff’s counsel discovered that Leo Weiffering had died on June 26, 1987 (that is, approximately nine months after the alleged injury to *44 plaintiff, but more than two years prior to the initiation of the law suit). By motion dated November 1,1990, the plaintiff moved to amend his complaintto add Elizabeth P. Weiffering, widow of Leo Weiffering, as party defendant on the grounds that she was also an owner of the property on the date of the injury. Counsel for Elizabeth P. Weiffering appeared specially to oppose the motion to amend and to file a motion to dismiss.
On November 8, 1990, the court denied the defendant’s motion to dismiss and allowed the motion to amend the complaint adding Elizabeth Weiffering as a defendant.
From those decisions, defendant sought relief by filing a request for report and draft report.
On November 29,1990, the request for report and draft report were “disallowed” by the trial judge after hearing.
The defendant then filed the petition to establish the draft report now before us.
Interlocutory rulings may be reviewed by this Division only upon a trial judge’s voluntary report of such rulings. Pleasant Travel, Inc. v. Butler, 1983 Mass. App. Div. 41, 43. Pursuant to G.Lc. 231, §108 and Dist./Mun. Cts. R. Civ. P., Rule 64(d), the decision to report an interlocutory ruling or order to this Division without delay rests exclusively within the broad discretion of the trial judge. Munro v. U.S.-China Peoples Friendship Assoc., 1989 Mass. App. Div. 177, and cases cited. Given the established judicial policy against piecemeal appellate review, Rollins Environ. Serv., Inc. v. Superior Court, 368 Mass. 174, 179 (1975), atrial judge may reportonly those interlocutory rulings which he determines and certifies as “dispositive of a material issue which will affect the outcome of a trial and which should in justice be determined before further trial proceedings are conducted.” Seigal v. Fitz Taxi, Inc., 1986 Mass. App. Div. 42, 43 and cases cited.
We infer from the trial judge’s disallowance of the draft report after hearing, thathe did not elect to exercise his discretion to report the ruling by which the defendant claims to be aggrieved.
Accordingly, the defendant’s appeal is premature and her petition to establish a draft report is hereby denied. The defendant’s draft report challenging the denial of the dismissal motion shall be retained in the trial court files, and preserved for inclusion in any subsequent report of this case after judgment if so requested by the defendant. Palumbo v. New England Tract. Train. School of Conn., 1986 Mass. App. Div. 147, 149.
As the trial judge has breathed life into the complaint by allowing the plaintiffs motion to amend, the case is returned for further proceedings and trial.