Welsh, J.
This is a civil action in which the complaint alleges that certain sums are due the plaintiff by reason of the defendants’ guarantee of the obligation of the tenants under a lease.
The defendants were served with process on August 26,1991 and were defaulted for failure to appear or serve aresponsive pleading on September27,1991. On October 21,1991, a default judgment was entered against the defendants and notice of the entry of judgment was duly mailed by the office of the Clerk of Court. Execution was issued on November 6,1991.
Plaintiffs counsel commenced a levy on property attached upon the initiation of the action.[3] On November 29,1991, the defendants filed a motion to vacate judgment and for a stay of execution. The court allowed the stay of execution conditional upon payment of expenses incurred occasioned by the allowance of the motion and later allowed the motion to vacate judgment.
The plaintiff claims to be aggrieved by the allowance of the motion to vacate judgment. No trial on the merits has occurred.
We do notreach the merits because this matter is clearly in an interlocutory posture and is premature for consideration by the Appellate Division.
Although the motion judge signed the report, he did not certify that the interlocutory ruling or action so affects the merits of the controversy that it should be decided without delay. Rule 64(d), Dist./Mun. Cts. R. Civ. P. Given the well-entrenched judicial policy against piecemeal appellate review, Rollins Environmental Services, Inc. v. Superior Court, 368 Mass. 174, 179 (1975), amotion judge may report only those interlocutory rulings or actions he determines and certifies as “dispositive of a material issue which will affect the outcome of a trial and which should in justice be determined before further trial proceedings are conducted.” Seigal v. Fitz Taxi, Inc., 1986 Mass. App. Div. 42, 43 and cases cited; Moran v. Weiffering, 1991 Mass. App. Div. 43, 44.
The report is dismissed and the cause remanded to the trial court.

 Although the docket does not so indicate, an uncontroverted affidavit which was part of the record on appeal states that the levy was commenced on November 17,1991.