Welsh, J.
This is a civil action sounding in tort for negligence. The statement of damages filed indicated that $100,000 was sought.
The return of service indicates that service of the summons, complaint and statement of damages was accomplished on October 2,1992. Although the summons and complaint were promptly given to the agent of the defendant’s insurer, a delay of 54 days occurred before the process reached the defense counsel for the insurance company. On November 30,1992, a motion to remove default and to file answer late and a motion to remove to Superior Court late were filed. On December 9,1992, the motion to remove default and file late answer was allowed and the motion to remove late to Superior Court was denied.
No trial on the merits has occurred.
The defendant claims to be aggrieved by the denial of the motion to remove late.
Absent a statute or a rule of court granting a judge discretion to report an interlocutory ruling or action, there is no common law or inherent authority to report such questions to an appellate court. Real Property Co., Inc. v. Pitt, 230 Mass. 526, 527 (1918). There exists no general right to present interlocutory rulings or action by the judge in the trial court which are not decisive of the merits of the controversy. Pollack v. Kelly, 372 Mass. 469, 470-472 (1977), and cases cited therein.
These principles apply in appellate division practice. The discretion given to district court judges in civil cases to report interlocutory questions is not untrammelled. Questions that are moot, speculative or subsidiary ought not to be reported. Hetherington & Sons v. William Firth Co., 212 Mass. 257, 259 (1912). Rulings that are not dispositive or determinative of the case generally are not properly the subjects of voluntary reports. Krock v. Consolidated Mines & Power Co., 286 Mass. 177, 179-180 (1934). The proper practice under Rule 64(d), Dist./Mun. Cts. R. Civ. P. requires the reporting judge’s certificate that the matter reported so affects the merits of the controversy that it should be resolved before the matter proceeds further. Moran v. Weiffering, 1991 Mass. App. Div. 43, 44.
In the case subjudice, not only is there an absence of such a certificate, the motion judge expressly found the following: (1) the insurance company was negligent in not handing on to defense counsel the summons and complaint; (2) the request for jury trial was not timely; (3) that this is an interlocutory matter which is premature for reportto the Appellate Division, and (4) he (the motion judge) had discretion to permit a late removal in accordance with the principle stated in H. K. Webster Co. v. Mann, 269 Mass. 381, 384-385 (1929). There was no showing of prejudice to the moving party and no demonstration of anything approaching an abuse of discretion.
The report is dismissed and the matter is remanded for trial on the merits.