Dolan, PJ.
Defendant requested an interlocutory report on the court’s denial of his motion to dismiss. On October 27,1992, following a hearing on defendant’s draft report, the trial court allowed the report. However, a subsequent order was entered on November 1, 1992, in which the earlier order was reversed and the request “denied.” The trial court’s stated reason for the denial was that the request for the interlocutory report was not timely filed. The defendant claims to be aggrieved by the sua sponte reversal of the trial court’s initial order allowing the report. Further, defendant challenges the appropriateness of the trial court’s grounds for denial. The court allowed an interlocutory report on the denial of the original interlocutory report. We dismiss the report.
It is elementary that there is no right to immediate appellate review of interlocutory orders or rulings. Quint v. Moffie, 1987 Mass. App. Div. 133. An interlocutory order may be brought to the appellate division only with the consent or upon the voluntary report of a trial judge pursuant to G.L.c. 231 §108 and Dist./Mun. Cts. R. Civ. P„ Rule 64(d).
The decision to report an interlocutory ruling to the appellate division is committed exclusively to a judge’s discretion. Moran v. Weiffering, 1991 Mass. App. Div. 43, 44. In the matter before us on appeal, the trial judge agreed to submit a report, reconsidered and reversed his own order. In so doing, the judge’s denial was tantamount to dismissal of defendant’s request for an interlocutory report, which is a proper exercise of the trial judge’s discretion. The judge’s decision to now decline to voluntarily report the denial of defendant’s motion to dismiss is within his discretion inasmuch as no party is entitled as a matter of right to piecemeal appellate review. Hart v. Keoveney, 1980 Mass. App. Div. 59, 60.
Report dismissed.