Curtin, J.
This is an action to recover the balance of a promissory note which was accelerated for payment in consequence of the defendants’ alleged continuing failure to make timely payments. The trial court denied the plaintiffs Mass. R. Civ. R, Rule 56 motion for summary judgment, and reported the ruling to this Division pursuant to Dist./Mun. Cts. RADA, Rule 5.[2]
The record indicates that in November, 1992, defendants Curt and Jennifer Peterson (“the Petersons”) executed a promissory note in the amount of $40,000.00 in connection with the settlement of a dispute arising from the Peter-sons’ earlier purchase of plaintiff Yale Goldman’s (“Goldman”) insurance business. The note was payable in 180 monthly installments due on the first of each month. Except in one instance, Goldman never received the Petersons’ payments on or before the due date. The note contained an acceleration clause which provided that in the event the Petersons failed to make payment within twenty days of the due date for any four payments in a twelve month period, they would be in default and Goldman could, without notice, declare the entire remaining balance of the note immediately due and payable.
During the twelve month period beginning October 1, 1994, four payments were received by Goldman over twenty days after the due date. Goldman notified the Petersons of their default by letter dated July 21,1995, and demanded payment of the $35,924.44 note balance pursuant to the acceleration clause. The Petersons failed to pay the entire balance, and Goldman commenced this action on August 1,1995. The Petersons continued to make monthly payments *190 late, which Goldman accepted.[3]
Goldman filed a Rule 56 motion and supporting affidavit on the grounds that the Petersons were in default under the clear terms of the note for failure to make timely payments, and that he was thus entitled to summary judgment as a matter of law in the amount of the entire note balance plus accrued interest. The Peter-sons did not dispute Goldman’s claim that four payments in a twelve month period had been received more than twenty days after the due date, but denied that they were in default. Defendant Curt Peterson asserted in an opposing affidavit that it was his understanding that timely payment was made when he placed his payment in the mail by the first of each month in accordance with the customary and usual practice in the insurance industry.
Goldman subsequently moved to strike Peterson’s affidavit on the grounds that his “understanding” of the terms of the note was inadmissible. After hearing, the trial court denied both Goldman’s summary judgment motion and his motion to strike.
The trial court thereafter endorsed a report to this Division of the following issue, which is dispositive of this case.[4]
Where the terms of the Note provide that payment was to be made by a certain date, and it is undisputed that payment was received after the date due, whether the maker’s payment obligation is satisfied (i) by receipt of payment by said date, or (ii) by placing payment in the mail on or before that date.
We conclude that under the terms of the promissory note, the Petersons’ payment obligation was satisfied only upon Goldman’s receipt of each monthly payment by the due date, and that the Petersons’ failure to satisfy such obligation entitled Goldman to summary judgment as a matter of law.
1. The rights and obligations of the parties herein are governed by the terms of the promissory note, and all material facts relevant to the Petersons’ payment history are undisputed. The construction of the note was a question of law for the trial court, Hamed v. Fadili, 408 Mass. 100, 106 (1990); Hastings Associates, Inc. v. Local 369 Bldg. Fund, Inc., 42 Mass. App. Ct. 162, 172 (1997), and as the terms of the note are clear and unambiguous, parol evidence was inadmissible to alter or explain the same. Plasko v. Orser, 373 Mass. 40, 44 (1977); Kobayashi v. Orion Ventures, Inc., 42 Mass. App. Ct. 492, 496 (1997). Defendant Peterson’s averment as to his “understanding” of the payment obligations prescribed by the note was thus immaterial, and did not raise a genuine dispute of material fact sufficient to defeat summary judgment. The dispositive issue of whether, under the terms of the note, payment was made upon receipt or mailing remained one of law, not of fact, for the trial court. Aerostatic Engineering Corp. v. Szczawinski, 1 Mass. App. Ct. 141, 142-143 (1973).
2. Paragraph 1 of the note states:
For value received [the Petersons] promise to pay to the ORDER of *191 Yale Goldman ... forty thousand dollars with interest... to be paid in 180 consecutive monthly installments commencing on December 1,1992.
The acceleration clause provides, in pertinent part:
If maker fails ... to make any payment required hereunder to be made within twenty (20) days of the due date for any four (4) payments due during any twelve (12) month period while this note remains in effect... then maker shall be in default hereunder, and at any time thereafter, the holder hereof may, without notice, declare the entire remaining unpaid balance of this note immediately due and payable, and the rate of interest applicable hereunder shall thereupon be increased to eighteen percent (18%) per annum from the date of default until the date of curing calculated on a daily basis.[5]
This contractual language must be construed in accordance with the usual and ordinary meaning of the terms used. Hakim v. Massachusetts Insurers’ Insolv. Fund, 424 Mass. 275, 280-281 (1997); National Medical Care, Inc. v. Zigelbaum, 18 Mass. App. Ct. 570, 575 (1984); Edwin R. Sage Co. v. Foley, 12 Mass. App. Ct. 20, 28 (1981). “Payment” is customarily defined as “the performance of a duty, promise or obligation or discharge of a debt or liability, by the delivery of money or other value by a debtor to a creditor where the money or other valuable thing is tendered and accepted ... [emphasis supplied].” Black’s Law Dictionary (6th ed. 1990). When payment is made by check, payment is effected “when the check is drawn on an account with sufficient funds to cover it at a solvent bank and is delivered to the pavee [emphasis supplied]First Nat’l Ins. Co. of America v. Commonwealth, 391 Mass. 321, 326-327 (1984). See also General Motors Accep. Corp. v. Abington Cas. Ins. Co., 413 Mass. 583, 586 (1992).[6] While Massachusetts caselaw defining payment is not extensive, there is substantial authority in other jurisdictions that absent a specific agreement to the contrary, a payment obligation is satisfied only by actual receipt of monies by the obligee rather than by the mere mailing of payment by the obligor. See, e.g., Sea-Land Service, Inc. v. Barry, 41 F. 3rd 903, 909-910 (3rd Cir. 1994); In re Belknap, Inc., 909 F. 2d 879, 884 (6th Cir. 1990). In the instant case, the promissory note is devoid of any language which equates payment with mailing, or which permits the Petersons to pay by mail.
The sole case cited by the Petersons for the proposition that a debtor’s obligation is satisfied upon the mere mailing of payment is McTernan v. LeTendre, 4 Mass. App. Ct. 502 (1976). McTernan is, however, inapposite as it deals with the timely exercise of an option to purchase rather than payment. Moreover, the contention advanced by the Petersons defies logic and common sense as it would permit the discharge of a debt even if the lender never received the payment mailed by the borrower. “The check is in the mail” would become a complete legal defense. The risk of non-receipt cannot be placed upon the lender, who neither contractually assumed, nor anticipated, such risk. The borrower who elects to make payment by mail instead assumes the risk of non-receipt or late receipt. See Shea v. Massachusetts Benefit Ass’n., 160 Mass. 289, 295 (1894).
*192 3. Thus as a matter of law, the Petersons’ payment obligations under the promis-' sory note in question were satisfied only upon Goldman’s receipt of their payment by the due date each month. As it is undisputed that the Petersons failed to make timely payments, they were in default and Goldman properly declared the entire note balance due and payable pursuant to the acceleration clause. As there was no material issue of fact herein, and as Goldman was entitled as a matter of law to recover the note balance, plus the interest, costs and attorney’s fees provided for in the note, Goldman’s motion for summary judgment should have been allowed. Garweth Corp. v. Boston Edison Co., 415 Mass. 303, 304 (1993); Unisys Finance Corp. v. The Allan R. Hackel Org., Inc., 42 Mass. App. Ct. 275, 280 (1997).
Accordingly, the denial of the plaintiff’s summary judgment motion is vacated, and an order allowing summary judgment for the plaintiff on the issue of liability is to be entered. This case is returned to the trial court for a hearing on the assessment of damages, costs and reasonable attorney’s fees, and for the entry of judgment for the plaintiff in the amount so assessed.
So ordered.

 The denial of a summary judgment motion is an interlocutory ruling not ordinarily subject to immediate appellate review. Service Publications, Inc. v. Goverman, 396 Mass. 567, 579 n. 16 (1986); Marr v. Back Bay Architectural Comm., 32 Mass. App. Ct. 962, 962-963 (1992). General Laws c. 231, §108 accords a trial judge the discretion to report an interlocutory order to this Division if the issue raised by the order so affects the merits of the case that it should, in justice, be reviewed by the Appellate Division before further proceedings are conducted in the trial court. Kansky v. Rust, 1993 Mass. App. Div. 110; Moran v. Weiffering, 1991 Mass. App. Div. 43, 44. A Rule 5 report signed by the trial judge is the sole procedural mechanism for the immediate appeal of an interlocutory ruling.

 There is no issue of waiver of timely payment herein, nor have the Petersons argued the same. The promissory note expressly and unambiguously provides that “[n]o delay or omission of the holder in exercising any right or remedy hereunder shall constitute a waiver of any such right or remedy. Acceptance by the holder of any payment after demand shall not be deemed a waiver of such demand. A waiver on one occasion shall not operate as a bar to or waiver of any such right or remedy on any future occasion.”

 We need not address two additional issues reported by the court which are not germane to disposition.

 The acceleration clause does not provide for unearned interest or anything which could be deemed an unenforceable penalty, and there is no issue as to its validity. See A-Z Servicenter, Inc. v. Segall 334 Mass. 672, 676 (1956); Stilian v. GTC Corp., 17 Mass. App. Ct. 953 (1983).

 Receipt of the check is, in fact, considered only a conditional acceptance of payment by the payee. Payment does not become “absolute” until the check is honored by the drawee bank. Noble v. John Hancock Mut. Life Ins. Co., 7 Mass. App. Ct. 97, 98-99 (1979).